IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WENDELL GORUM, Ph.D., 55 Freedom Drive Dover, DE 19904, | CIVIL ACTION |
| Plaintiff, | |
| | NO.  0 6 - 5 6 5 |
| vs. | |
| ALLEN L. SESSOMS, Ph.D., Individually and as President of Delaware State University 1200 DuPont Highway Dover, DE 19901, | JURY TRIAL DEMANDED |
| Defendant. | |

## CIVIL ACTION - COMPLAINT

Plaintiff Wendell Gorum, Ph.D., by and through his attorney, Gilbert F. Shelsby, Jr., Esquire and Michael J. Logullo, Esquire, hereby brings this Complaint against Defendant Allen L. Sessoms, Ph.D., and in support thereof avers as follows:

### I. INTRODUCTION

1. This action for declaratory, injunctive, monetary and other appropriate relief is brought by Plaintiff Wendell Gorum, Ph.D. to redress the intentional violations by Defendant Allen L. Sessoms, Ph.D. of the rights secured to him by the laws of the United States of America and the State of Delaware.

### II. JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and the First and Fourteenth

Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1343(3) and the aforementioned statutory and constitutional provisions.

3. Jurisdiction lies over state law claims based on the principles of supplemental jurisdiction, as codified at 28 U.S.C. § 1367.

4. The amount in controversy exclusive of interest and costs exceeds the sum of One Hundred Thousand ($100,000.00) Dollars.

### III. VENUE

5. All the claims herein arose within the jurisdiction of the United States District Court for the District of Delaware and involve Defendants who reside within the jurisdictional limits. Venue is accordingly invoked pursuant to the dictates of 28 U.S.C. § 1391(b) and (c).

### IV. PARTIES

6. Plaintiff, Wendell Gorum, Ph.D. (hereinafter "Plaintiff") is an adult individual citizen of the State of Delaware, residing therein at 55 Freedom Drive, Dover, Delaware 19904.

7. Defendant, Allen L. Sessoms, Ph.D. (hereinafter "Defendant" and/or "Dr. Sessoms") is the President of Delaware State University, a public institution of higher education of the State of Delaware, and corporation existing under 14 Del C. Chapter 65, located at 1200 DuPont Highway, Dover, Delaware 19901. Dr. Sessoms is sued individually and in his official capacity as President of Delaware State University.

### V. FACTS

8. Plaintiff was hired by Delaware State University (hereinafter "Delaware State") in or about September 1989 as a Professor of English and Mass Communications.

9. In or about January 1991, Plaintiff was named Director of Mass Communications.

10. Plaintiff received tenure in 1992.

11. In or about 2001, the Department of Mass Communications was created and Plaintiff was named Chair of the Department.

12. In or about December 2002, a Delaware State student and member of the football team was accused of possessing a firearm on campus and was expelled from school as punishment therefore.

13. Plaintiff believed the charge to be unfounded.

14. Plaintiff, acting as a student advisor, defended this student at his disciplinary hearing and advised him in his appeal of the disciplinary action taken against him.

15. As a result of Plaintiff's efforts, then Delaware State President, William DeLauder, agreed to change the student's punishment to a one semester suspension, and to allow him to attend summer school to make up the course work and to continue to play football.

16. The student served his suspension during the Spring 2003 semester and enrolled in summer school for the Summer of 2003.

17. On or about July 1, 2003, Defendant Dr. Sessoms became the President of Delaware State.

18. Shortly after assuming the position, Dr. Sessoms changed the student's punishment from a one-semester suspension, to a one-year suspension and prohibited him from playing football.

19. When the football team protested this action, the football coach was advised by Defendant's Vice President that he would be terminated if he tried to put the student back on the team.

20.  Plaintiff openly supported the student and assisted him in retaining an attorney and instituting a lawsuit against Defendants.

21.  Defendant was aware of Plaintiff's involvement in this matter.

22.  Defendant was also aware that Plaintiff spoke out and associated with individuals on matters of public concern related to Delaware State on a continuing and regular basis, including, but not limited to the Administration at Delaware State.

23.  Sometime in the Fall of 2003, Defendant Associate Director of Human Resource, Sheila Davis, warned Plaintiff "they are after you."

24.  It was a standard custom and practice at Delaware State that instructors were permitted to change a student's grade during the first three weeks of the semester, without approval of the Dean or Department Chair.

25.  In addition, it was also common practice for Department Chairs to change grades issued by another professor where an error had been made and the professor who had issued the grade could not be reached. This was also done without the necessity of Dean approval.

26.  In or about the Fall of 2003, in accordance with the aforementioned customs and practices, and in consultation with Dean Frederick, Plaintiff changed the grades of several students in order to correct certain errors.

27.  Subsequently, on or about April 21, 2005, following a hearing before the Ad Hoc Dismissal Committee, Plaintiff was terminated - allegedly, for changing student grades without authority.

28.  The grounds asserted by Defendant for Plaintiff's termination were pretext for the true reason therefore - retaliation for Plaintiff's exercise of protected activities.

## COUNT I
## 42 U.S.C. § 1983
## FIRST AMENDMENT VIOLATIONS

29. Plaintiff incorporates by this reference herein as though recited verbatim at length the allegations contained in paragraphs 1 through 28 above.

30. Defendant violated the provisions of 42 U.S.C. § 1983, in that Defendant, acting under color of State law, deprived Plaintiff of the privileges and immunities secured to him by the First and Fourteenth Amendments of the United States Constitution and, in particular, his right to hold employment without infringement of his First Amendment right to freedom of speech.

31. Defendant intentionally, wilfully, and recklessly terminated Plaintiff's employment in order to deny Plaintiff his First Amendment right to free speech and association.

32. Defendant's actions were to penalize and retaliate against Plaintiff for his exercise of fundamental First Amendment rights.

**WHEREFORE**, Plaintiff, Wendell Gorum, Ph.D., respectfully requests this Honorable Court:

    1    Enter a declaratory judgment that Defendant's retaliatory acts complained of herein have violated and continue to violate the rights of Plaintiff as secured by the United States Constitution;

    2    Enjoin Defendant from continuing its retaliatory practices;

    3    Award Plaintiff compensatory damages including but not limited to: pain, suffering, past economic loss, future economic loss, back pay, front pay, wage increases, loss of life's pleasures, loss of reputation, benefits, emotional

distress and other damages;

    4    Award reasonable costs and attorney's fees;

    5    Aware punitive damages; and

    6    Grant any other relief this Court deems just and proper under the circumstances.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

**SHELSBY & LEONI**

/s/ Gilbert F. Shelsby, Jr.
Gilbert F. Shelsby, Jr., Esquire
gshelsby@mslde.com

/s/ Michael J. Logullo
Michael J. Logullo, Esquire
mlogullo@mslde.com
221 Main Street
Stanton, DE 19804
(302) 995-6210

*Attorneys for Plaintiff*

DATED: September 11, 2006

06-565

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Wendell Gorum, Ph.D.

**(b)** County of Residence of First Listed Plaintiff: **Kent County**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number): **Shelsby & Leoni**
221 Main Street, Stanton, DE 19804
(302) 995-6210

### DEFENDANTS
Allen L. Sessoms, Ph.D., Individually and as President of Delaware State University

County of Residence of First Listed Defendant: **Kent County**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

FILED SEP 12 2006 CLERK U.S. DISTRICT COURT DISTRICT OF DELAWARE

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits |  |  |  | ☐ 810 Selective Service |
|  | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) |  |
| ☐ 190 Other Contract |  |  | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / Habeas Corpus: |  |  | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  |  | ☐ 871 IRS—Third Party 26 USC 7609 |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 530 General |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property |  | ☐ 535 Death Penalty |  |  |
|  | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

### V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Section 1983 & 1st/14th Amendments of U.S. Constitution

Brief description of cause: Civil Rights action for retaliatory violations of right to free speech

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions) JUDGE _____ DOCKET NUMBER _____

DATE: 9-12-06
SIGNATURE OF ATTORNEY OF RECORD: [signature] Michael Logullo

FOR OFFICE USE ONLY

RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 06-565

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ____1____ COPIES OF AO FORM 85.

SEP 1 2 2006

(Date forms issued)    (Signature of Party or their Representative)

Dustin Frohlich
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action