IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WENDELL GORUM, Ph.D., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 06-565-GMS |
| v. | ) |
| | ) |
| ALLEN L. SESSOMS, Ph.D., | ) |
| Individually and as President of | ) JURY TRIAL DEMANDED |
| DELAWARE STATE UNIVERSITY, | ) |
| | ) |
| Defendant. | ) |

### ANSWER AND GENERAL DEFENSES OF DEFENDANT ALLEN L. SESSOMS

Defendant, Allen L. Sessoms Ph.D., President of Delaware State University ("President Sessoms"), by counsel, responds as follows to the Complaint filed by Plaintiff Wendell Gorum, Ph.D. ("Dr. Gorum").

### INTRODUCTION

1. Paragraph 1 of the Complaint contains conclusions of law to which no response is required. To the extent that a response is required, President Sessoms admits that Dr. Gorum is seeking certain relief, but denies that President Sessoms has violated any rights of Dr. Gorum, or that Dr. Gorum is entitled to any relief. President Sessoms denies all other allegations in paragraph 1 of the Complaint.

### JURISDICTION

2. Paragraph 2 of the Complaint contains jurisdictional statements and conclusions of law to which no response is required. To the extent that a response is required, President Sessoms admits that Dr. Gorum is alleging violations of 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the U.S. Constitution. President Sessoms also admits that this Court

has subject matter jurisdiction over such a claim under 28 U.S.C. § 1331. President Sessoms denies all other allegations in paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint contains jurisdictional statements and conclusions of law to which no response is required. To the extent that a response is required, President Sessoms avers that the Complaint does not include any state law claims, so the issue of potential supplemental jurisdiction under 28 U.S.C. § 1367 does not arise. President Sessoms denies all other allegations in paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint contains jurisdictional statements and conclusions of law to which no response is required. To the extent that a response is required, President Sessoms avers that Dr. Gorum is not entitled to any relief from Defendant. President Sessoms denies all other allegations in paragraph 4 of the Complaint.

## VENUE

5. Paragraph 5 of the Complaint contains jurisdictional statements and conclusions of law to which no response is required. To the extent that a response is required, President Sessoms admits that Delaware State University is located within this judicial district, and that all action by President Sessoms in his official capacity that affected the employment of Dr. Gorum occurred within this judicial district. President Sessoms denies all other allegations in paragraph 5 of the Complaint.

## PARTIES

6. President Sessoms admits the allegations in paragraph 6 of the Complaint.

7. President Sessoms admits the allegation in the first sentence of paragraph 7 of the Complaint. The second sentence of paragraph 7 contains jurisdictional statements and

conclusions of law to which no response is required. President Sessoms denies all other allegations in paragraph 7 of the Complaint.

## FACTS

8. The allegations in paragraph 8 of the Complaint relate to events that preceded the time that President Sessoms was employed by Delaware State University. President Sessoms admits, on information and belief, that according to Delaware State University records, Dr. Gorum was first employed by Delaware State University in September 1989 to teach within the Department of English. President Sessoms denies all other allegations in paragraph 8 of the Complaint.

9. The allegations in paragraph 9 of the Complaint relate to events that preceded the time that President Sessoms was employed by Delaware State University. President Sessoms admits, on information and belief, that according to Delaware State University records, Dr. Gorum's title did change in or around 1991.

10. The allegations in paragraph 10 of the Complaint relate to events that preceded the time that President Sessoms was employed by Delaware State University. President Sessoms admits, on information and belief, that according to Delaware State University records, the Board of Trustees granted tenure to Dr. Gorum, under the procedures then existing. Since these events preceded President Sessoms' employment at Delaware State University, he is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 10 of the Complaint.

11. The allegations in paragraph 11 of the Complaint relate to events that preceded the time that President Sessoms was employed by Delaware State University. President Sessoms admits, on information and belief, that according to Delaware State University records a separate

Department of Mass Communication was created. President Sessoms further admits, on information and belief, that Dr. Gorum became Chair of that Department. Since these events preceded President Sessoms' employment at Delaware State University, he is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 11 of the Complaint.

12. The allegations in paragraph 12 of the Complaint relate to events that preceded the time that President Sessoms was employed by Delaware State University. Therefore, President Sessoms is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 12 of the Complaint. President Sessoms admits that after becoming employed at Delaware State University, he did become aware of a prior incident involving a Delaware State University student who was found to have been in possession of a firearm.

13. The allegations in paragraph 13 of the Complaint relate to Plaintiff's state of mind as well as to events that preceded the time that President Sessoms was employed by Delaware State University. President Sessoms is without sufficient knowledge or information to form a belief as to the truth of those allegations in paragraph 13 of the Complaint, and therefore denies them.

14. The allegations in paragraph 14 of the Complaint relate to events that preceded the time that President Sessoms was employed by Delaware State University. Therefore, President Sessoms is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 14 of the Complaint.

15. The allegations in paragraph 15 of the Complaint relate to events that preceded the time that President Sessoms was employed by Delaware State University. Therefore,

President Sessoms is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 15 of the Complaint.

16. The allegations in paragraph 16 of the Complaint relate to events that preceded the time that President Sessoms was employed by Delaware State University. Therefore, President Sessoms is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 16 of the Complaint.

17. President Sessoms admits the allegations in paragraph 17 of the Complaint.

18. President Sessoms admits that subsequent to the time he became President of Delaware State University, he became aware that a student athlete had been found to have unlawfully possessed a firearm on campus. President Sessoms admits that after further review of this incident there was a change in the nature of the sanction. President Sessoms denies all other allegations in paragraph 18 of the Complaint.

19. President Sessoms denies the allegations in paragraph 19 of the Complaint.

20. President Sessoms is without sufficient knowledge or information to form a belief as to the truth of those allegations in paragraph 20 of the Complaint, including those related to Dr. Gorum's state of mind, and therefore denies them.

21. President Sessoms denies the allegations in paragraph 21 of the Complaint.

22. Paragraph 22 of the Complaint contains conclusions of law to which no response is required. To the extent that a response is required, President Sessoms denies that any conduct by Dr. Gorum constituted matters of public concern. President Sessoms denies all other allegations in paragraph 22 of the Complaint.

23. President Sessoms is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 23 of the Complaint.

24. President Sessoms denies the allegations in paragraph 24 of the Complaint.

25. President Sessoms denies the allegations in paragraph 25 of the Complaint.

26. President Sessoms admits the allegation in paragraph 26 of the Complaint that Dr. Gorum changed the grades of students, including grades issued by other professors, without the prior knowledge or approval of those professors. Dr. Sessoms further avers that, based upon the comprehensive findings of the Ad Hoc Termination Committee, this occurred on numerous occasions not limited to the Fall of 2003. President Sessoms denies all other allegations in paragraph 26 of the Complaint.

27. President Sessoms admits that following a comprehensive due process hearing before the Ad Hoc Termination Committee, and the findings of that peer committee that Dr. Gorum had committed multiple violations of the collective bargaining agreement that constituted "good reason" for termination, that the Board of Trustees of Delaware State University terminated the employment of Dr. Gorum.

28. President Sessoms denies the allegations in paragraph 28 of the Complaint.

### COUNT 1—42 U.S.C. § 1983

29. President Sessoms incorporates by reference his responses and denials in paragraph 1 through 28 above.

30. President Sessoms denies the allegations in paragraph 30 of the Complaint.

31. President Sessoms denies the allegations in paragraph 31 of the Complaint.

32. President Sessoms denies the allegations in paragraph 32 of the Complaint.

33. President Sessoms denies that Dr. Gorum is entitled to any of the relief sought in his request for damages.

## GENERAL DEFENSES

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Certain of Plaintiff's claims may be barred by the doctrine of laches, waiver and/or estoppel, and/or the applicable statute of limitations.

3. To the extent that Plaintiff is asserting claims for alleged physical injury, his exclusive remedy is through the Delaware Workers' Compensation law.

4. Plaintiff's alleged injuries and damages were caused in whole or in part by his own conduct.

5. Plaintiff knows, or has reason to know, that his claims are without any basis in law or fact, and that some or all of his claims are being made for an improper motive.

6. Plaintiff has failed to mitigate his damages.

7. Some or all of the statements or actions that Dr. Gorum alleges as protected activity were made pursuant to Dr. Gorum's official duties as Department Chair and/or Professor, and therefore were not protected by the First Amendment.

8. None of the statements by Dr. Gorum were on matters of public concern.

9. Delaware State University is an instrumentality of the State of Delaware. Accordingly, Delaware State University is immune from suit pursuant to the Eleventh Amendment to the United States Constitution.

10. In the alternative, Defendant contends that Delaware State University is, or should be treated as any private Delaware Corporation, and none of the actions of President Sessoms, or any other agent of Delaware State University, were taken under color of state law.

11. In the alternative, Defendant contends that if Delaware State University has a sufficient nexus with the state to be subjected to suit under Section 1983, then President Sessoms

asserts the defense of absolute and/or qualified immunity as to all claims against him in his individual capacity. This immunity has not been waived or lost.

12.     If the Court determines that Delaware State University has a sufficient nexus with the state to be subjected to suit under Section 1983, and the University is not otherwise immune from suit under the Eleventh Amendment, then all claims for injunctive relief and damages against President Sessoms in his official capacity are, in essence, against Delaware State University. To prevail, Dr. Gorum must meet the same standards as if he had sued Delaware State University.

13.     President Sessoms was not the final decisionmaker, and there is no allegation that any actions were taken pursuant to official policy or custom. Therefore, there is no basis for an action for damages or injunctive relief against President Sessoms in his official capacity.

14.     The activities that Dr. Gorum alleges to be protected are not and/or were not clearly established rights under the United States Constitution.

15.     There is no nexus between Dr. Sessoms' actions and the deprivation of a clearly established constitutional right.

16.     To the extent that any action occurred that violated Plaintiff's constitutional rights, President Sessoms acted with a rational basis and/or without malice, and his actions were objectively reasonable.

17.     Delaware State University and/or President Sessoms would have taken the same actions regarding Dr. Gorum regardless of any of the allegedly protected speech.

18.     Defendant alleges, in the alternative, that some or all of the allegedly protected speech by Dr. Gorum caused or was likely to cause disruption of the activities of Delaware State University and this fact outweighed the value of Plaintiff's expression.

19. Delaware State University had the authority to impose reasonable time place and manner requirements on Plaintiff's speech, but did not take any action due to the content of any protected speech by Dr. Gorum.

20. The allegedly protected speech was not a substantial or motivating factor behind any actions taken by President Sessoms concerning Dr. Gorum's employment.

21. President Sessoms did not take any adverse employment action against Dr. Gorum.

22. To the extent that Plaintiff's claims against President Sessoms in his official capacity are not deemed as an action against Delaware State University, Plaintiff's claims are barred, in whole or in part, by his failure to join an indispensable party.

23. Some or all of Plaintiff's claims are moot.

24. Plaintiff's claims are barred for lack of justiciability.

25. Plaintiff's claims for prospective relief are barred, as Plaintiff has failed to demonstrate that he will suffer irreparable injury if injunctive relief is denied, and Plaintiff has failed to demonstrate that he faces a realistic probability of the type of future injury alleged herein.

26. Plaintiff lacks standing to sue for any form of injunctive or declaratory relief.

### PRAYER FOR RELIEF

Defendant Sessoms requests that this Court

1. Dismiss the Complaint with prejudice;

2. Award Defendant his costs and reasonable attorneys' fees incurred in connection with the action pursuant to Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927 and the inherent power of the Court; and

3.  Award other such further relief as the Court deems appropriate.

Dated: October 23, 2006

                                                          Respectfully submitted,

                                                          Kimberly M. Large (Delaware Bar No. 4422)
                                                          Saul Ewing LLP
                                                          222 Delaware Avenue
                                                          Wilmington, DE 19899
                                                          (302) 421-6826
                                                          (302) 421-5883 Fax

                                                          and

                                                          Robert L. Duston
                                                          (Admitted Pro Hac Vice)
                                                          Saul Ewing LLP
                                                          2600 Virginia Ave., NW
                                                          Suite 1000
                                                          Washington, DC 20037

                                                          Attorneys for Defendant, Allen Sessoms

## CERTIFICATE OF SERVICE

I, Kimberly M. Large, Esquire, hereby certify that on this 23rd day of October, 2006, I electronically filed a true and correct copy of the foregoing ANSWER AND GENERAL DEFENSES OF DEFENDANT ALLEN L. SESSOMS with the Clerk of Court using CM/ECF which will send notification of such filing. A copy of the document was served on the following attorneys of record in the manner indicated:

**VIA FIRST CLASS MAIL**
Gilbert Shelsby (No. 2833)
Michael J. Logullo (No. 3851)
Shelsby & Leoni
221 Main Street
Stanton, DE 19804

_____
Kimberly M. Large (No. 4422)

959705.1 10/23/06