IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WENDELL GORUM, Ph.D., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 06-565-GMS |
| v. ) | |
| ) | |
| ALLEN L. SESSOMS, Ph.D., ) | |
| Individually and as President of ) | |
| DELAWARE STATE UNIVERSITY, ) | |
| ) | |
| Defendant. ) | |

## JOINT STATUS REPORT

Plaintiff Wendell Gorum, Ph.D. ("Dr. Gorum"), by and through his undersigned counsel, and Defendant, Allen L. Sessoms, Ph.D., President of Delaware State University ("President Sessoms"), by and through his undersigned counsel, hereby submit this joint status report.

1.  Jurisdiction and Service. Pursuant to 28 U.S.C. § 1331, the Court has subject matter jurisdiction over Dr. Gorum's claims of violations of 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the U.S. Constitution. President Sessoms disputes the additional asserted bases for jurisdiction, 28 U.S.C. § 1343(3) and § 1367, but admits that dispute does not alter this Court's federal question jurisdiction. There are no service issues that need to be addressed.

2.  Substance of Action. For several years until his termination in April, 2005, Dr. Gorum was the Chair of the Department of Mass Communications and an instructor at Delaware State University ("DSU"). Dr. Sessoms became the President of DSU in July, 2003. In the Winter of 2004, the DSU Registrar initiated a review of grade changes. Subsequently, DSU initiated termination proceedings against Dr. Gorum for violations of University policy and other actions. An Ad Hoc Termination Committee (the "Committee") was formed under the

provisions of the Collective Bargaining Agreement. The Committee conducted an administrative hearing and made findings and recommendations. Based upon the findings of the Committee, President Sessoms recommended Dr. Gorum's termination, and the Board of Trustees subsequently terminated Dr. Gorum's employment. Dr. Gorum claims that the grounds asserted for his termination were a pretext. Dr. Gorum further asserts that the true reason for his termination was retaliation for his exercise of First Amendment rights of free speech and association in connection with his prior activities on campus, which included but were not limited to advocacy on behalf of and assistance to certain students in disciplinary proceedings.

3.  <u>Identification of Issues</u>. The ultimate issue is whether President Sessoms, in his individual and/or official capacity, violated 42 U.S.C. § 1983 by acting under color of state law to terminate Dr. Gorum's employment in retaliation for Dr. Gorum's alleged First Amendment rights. The parties have identified several subsidiary issues:

a. *Eleventh Amendment Immunity and/or Absence of State Action*: President Sessoms and Delaware State University assert that DSU is protected from suit by the Eleventh Amendment to the U.S. Constitution, and that this immunity extends to all actions taken by President Sessoms in his official capacity. Alternatively, President Sessoms alleges that his actions were not under color of state law.

Within the next month, President Sessoms intends to file a dispositive motion on these issues. To the extent that the Court determines that discovery is necessary to allow Dr. Gorum to address the issues in the motion, President Sessoms will also request that the Court bifurcate discovery to address issues related to the motion separately from the merits of the underlying action. These motions will be captioned as "President Sessoms' Motion for Judgment on the Pleadings or In the Alternative for Summary Judgment and Motion for Stay or Bifurcation of

Discovery" (hereafter, the "Motions"). Pursuant to the Motions, President Sessoms will ask the Court to resolve whether he and DSU are entitled to Eleventh Amendment immunity, and, if not, whether DSU is a private corporation such that it and its officials are not subject to suit pursuant to Section 1983. The outcome of these Motions may determine, *inter alia*, the proper parties and relevant burdens of proof, and may require other amendments to the Complaint. Dr. Gorum takes no position on these Motions until his counsel is able to review them.

  b. *Deference to be accorded the findings of fact and conclusions of the Ad Hoc Termination Committee:* This peer Committee formed under the CBA conducted evidentiary hearings in which the parties were represented by undersigned counsel. Depending on what stipulations can be made and/or the degree of deference accorded the Committee's findings, one issue for discovery and trial will be DSU's allegations that Dr. Gorum committed actions that constituted cause for termination under the CBA.

  c. *Protected Activity:* President Sessoms anticipates challenging Dr. Gorum's assertion that the actions alleged in the Complaint are protected activity pursuant to Section 1983.

  d. *Causation and Pretext:* President Sessoms challenges the allegation that Dr. Sessoms was aware of and motivated by any protective activity.

  e. *Available Remedies*: President Sessoms expects to challenge the types of relief available, whether he is a proper party to effect such relief, and various general and affirmative defenses to damages.

  4. <u>Narrowing of Issues</u>. At this time, the parties do not believe that the issues can be narrowed by agreement. However, there are a number of issues concerning capacity and the type

of relief requested which may narrow at a later point, especially after the Motions are resolved and any amendment to the pleadings occurs.

5.      Relief.  Dr. Gorum seeks a declaratory judgment, injunctive relief from continuation of President Sessoms' alleged retaliatory practices, and compensatory and punitive damages.

6.      Amendment of Pleadings.  Whether the pleadings will be amended is dependent on the substance and outcome of President Sessoms' Motions.

7.      Joinder of Parties.  Plaintiff does not anticipate the necessity of joining additional parties.  President Sessoms notes that if DSU is not protected by Eleventh Amendment immunity, as alleged by Dr. Gorum, then under well-settled case law actions against a public official for acts taken in his official capacity are, in essence, against the institution itself.  Under that scenario, it would be appropriate for DSU to formally enter an appearance in the case.

8.      Discovery.  As noted, President Sessoms' Motions will request the bifurcation of discovery such that discovery on the merits will be stayed pending the outcome of the Motions, and discovery with respect to issues of Eleventh Amendment immunity and color of state law might be expedited if necessary.

Alternatively, should the Court deny the Motions, the parties expect that discovery can be completed within six months.

9.      Estimated Trial Length.  If a trial is necessary, the parties anticipate a trial of 5 to 10 days duration, depending on whether there are evidentiary disputes related to the internal investigation by the Ad Hoc Termination Committee.

10.     Jury Trial.  Dr. Gorum has requested trial by jury.  President Sessoms notes that not all of the issues raised in the Complaint are to be tried by a jury.

11.  <u>Settlement</u>.  No settlement discussions have been held at this time.  The parties have discussed the possibility of ADR and will consider the issue as the case progresses.

12.  Counsel for the parties have conferred about each of the above matters.

                                  **SAUL EWING LLP**

                                  /s/ Kimberly Large
                                  Kimberly L. Gattuso, Esquire (No. 3733)
                                  Kimberly M. Large Esquire (No. 2219)
                                  222 Delaware Avenue
                                  P.O. Box 1266
                                  Wilmington, DE   19899
                                  (302) 421-6800
                                  klarge@saul.com

                                  and

                                  Robert L. Duston (Admitted Pro Hac Vice)
                                  Saul Ewing LLP
                                  2600 Virginia Ave., NW
                                  Suite 1000
                                  Washington, DC   20037

                                  Attorneys for Defendant Allen Sessoms

## CERTIFICATE OF SERVICE

I, Kimberly M. Large, Esquire hereby certify that on December 22, 2006, I electronically filed the JOINT STATUS REPORT with the Clerk of Court using CM/ECF which will send notification of such filing. A copy of the document was served on the following counsel in the manner indicated:

**VIA CM/ECF Electronic Filing**

Gilbert Shelsby (No. 2833)
Michael J. Logullo (No. 3851)
Shelsby & Leoni
221 Main Street
Stanton, DE  19804

And

**VIA FIRST CLASS MAIL**

Gregg L. Zeff (pro hac vice)
Michael Ksiazek
Frost & Zeff PC
7 North Columbus Blvd. Suite 2
Philadelphia, PA  19106-1422

**SAUL EWING LLP**

Kimberly M. Large Esquire (No. 2219)
222 Delaware Avenue
P.O. Box 1266
Wilmington, DE  19899
(302) 421-6800
klarge@saul.com

543645.2 12/22/06