IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WENDELL GORUM, Ph.D., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ALLEN L. SESSOMS, Ph.D., )<br>Individually and as President of )<br>DELAWARE STATE UNIVERSITY, )<br>)<br>Defendant. ) | Civil Action No. 06-565-GMS |

**DEFENDANT'S INITIAL DISCLOSURES**

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Defendant Allen L. Sessoms, Ph.D., individually and in his official capacity as President of Delaware State University ( "President Sessoms" and "DSU"), makes the following initial disclosures[1].

1. <u>Identity of Individuals Likely to Have Discoverable Information (Fed. R. Civ. P. 26(a)(1)(A))</u>: At this stage of the action, before any party has provided discovery, and based upon its reasonable investigation thus far, Defendant Sessoms believes that the following individuals are likely to have discoverable information that President Sessoms may use to support his defenses.

   a. Allen Sessoms, President, DSU. Dr. Sessoms will have knowledge of all actions he took in connection with decisions regarding Dr. Gorum.

   b. The members of the DSU Board at the time of all actions involving the suspension and later termination of Dr. Gorum's employment. These members

---

[1] Plaintiff Gorum has advised the Court that he intends to amend the Complaint to address the immunity of Delaware State University under the Eleventh Amendment. The parties have stipulated that the proper party for injunctive relief is the Delaware State University Board of Trustees ("DSU Board"), and that this entity can be joined without naming the individual members of the Board. Although not yet a party, the core disclosures address the knowledge and defenses of the DSU Board as well as President Sessoms.

544940.1 2/5/07

have knowledge of their decisions made while acting in their official capacity as Board members. Pursuant to Fed. R. Civ. P. 30(b)(6), the DSU Board will designate one member of the Board to speak on behalf of the DSU Board as the case develops.

c. The members of the Ad Hoc Dismissal Committee each have personal knowledge of the prior proceedings, the due process accorded Dr. Gorum, and the Committee's findings and conclusions. These members include Yaw Ackah, Ph.D. (Chair), Filippo Toscano, Ph.D., Gabriel D. Gwanmesia, Ph.D., Lapointe Davis, Ph.D., and Edward Jackson, Ph.D. It is anticipated that if testimony is needed regarding those proceedings, Dr. Yaw Ackah would act as the designee of the Committee.

d. All Professors and Students whose grades were affected by the acts of Dr. Gorum that were in violation of DSU policy or procedure. A listing of these professors and students known to the Defendant is contained in the Amended Statement of Charges in each of those proceedings; such listing includes but is not limited to the following faculty: Gary Dawkins, DeWayne Wickham, Baruti Kopano, and Dawn Jones. Discovery is continuing as to whether there are any additional students and/or instructors subjected to similar actions not previously identified.

e. Kimberley Walker. Ms. Walker, formerly Associate Director of Athletics for Operations/Compliance of DSU, has limited knowledge concerning the initiation of the investigation of Dr. Gorum, and may have some relevant information regarding other issues in the Ad Hoc Dismissal Committee report.

f.  Mr. Glenn T. Parker, Registrar of DSU. Mr. Parker will have relevant knowledge concerning the various subjects on which he testified before the Ad Hoc Dismissal Committee, including DSU Policies and Procedures, registration of students, and records of the Registrar's Office.

g.  Ms. Joyce Bowers, Former DSU Assistant Registrar, now retired. Ms. Bowers will have relevant knowledge concerning the various subjects on which she testified before the Ad Hoc Dismissal Committee, including DSU Policies and Procedures, registration of students, and records of the Registrar's Office.

h.  Dr. Tommy L. Frederick, Dean of College of Mathematics, Natural Sciences, and Technology, and DSU Faculty Athletic Representative. Dr. Frederick will have relevant knowledge concerning the various subjects on which he testified before the Ad Hoc Dismissal Committee, including DSU Policies and Procedures and his actions while Dean.

i.  Dr. Bradley Skelcher, Acting Dean of the College of Humanities and Social Sciences, and Former Acting Chairperson of that College at DSU. Dr. Skelcher will have knowledge concerning DSU Policies and Procedures, and actions taken by the College and Department following the suspension of Dr. Gorum.

j.  Mark Farley, Vice President, Human Resources and Legislative Affairs, DSU. Mr. Farley and/or a designee from the Human Resources Department, has knowledge concerning issues related to alleged economic damages, including wages and benefits. Mr. Farley also has some personal knowledge relating to the actions taken concerning Dr. Gorum, some of which is privileged.

   k. Dr. Wendell Gorum.

   l. DeShaun Morris, former student at DSU.

 2. <u>Description by Category and Location of All Documents (Fed. R. Civ. P. 26(a)(1)(B))</u>:  The documents consist of the following:

   a. The complete Record of the Ad Hoc Dismissal Committee, including the Hearing Transcripts and the Exhibits introduced by Dr. Gorum and DSU. Plaintiff Dr. Gorum is in possession of copies of all of these exhibits.

   b. Records of the Registrar's Office concerning all grade changes, missing grades, removal of incomplete's, etc. by Dr. Gorum during the relevant period. These records are maintained in both electronic and paper form.  While Defendant Sessoms believes that all relevant documents were previously produced to Dr. Gorum during the Ad Hoc Dismissal Committee, it is possible that there may be additional relevant documents concerning other students and/or courses.

   c. Several boxes of student-related documents from Dr. Gorum's Office. DSU believes that it previously made these records available for inspection and copying during the Ad Hoc Dismissal Proceedings.

   d. Records of each professor whose course was at issue during the Ad Hoc Dismissal Proceedings.  Defendant believes that DSU obtained, copied and produced during the Ad Hoc Dismissal Proceedings all relevant documents that were in the possession of instructors other than Dr. Gorum.  However, it is possible that there may be additional discoverable records within the custody of other instructors.

e.  Forms submitted to and/or approved by the Dean's Office for the change of grades or removal of incompletes during the 2000-2004 academic years. Defendant believes that DSU obtained, copied and produced during the Ad Hoc Dismissal Proceedings all relevant documents that were in the possession of instructors other than Dr. Gorum. However, it is possible that there may be additional discoverable records.

f.  Personnel file of Dr. Wendell Gorum.

g.  Personnel Files and Contracts of each professor identified during the Ad Hoc Dismissal Proceedings whose grades were changed or otherwise altered by Dr. Gorum.

h.  Course Listings, Syllabi, etc. for all courses at issue in the Ad Hoc Dismissal Proceedings. Defendant believes that DSU obtained, copied and produced during the Ad Hoc Dismissal Proceedings all relevant documents that were in its possession and control, but it is possible that there may be additional discoverable records.

i.  All records of disciplinary proceedings, academic records and related material concerning former student DeShaun Morris, including prior litigation involving DSU. Some of these records may be protected by the attorney-client privilege and/or work product doctrine.

j.  Relevant portions of the Student Catalog, Handbook and other policies and procedures of the College of Arts and Sciences and the Department of Mass Communication. Defendant believes that DSU obtained, copied and produced during the Ad Hoc Dismissal Proceedings all relevant documents that were in its

possession and control, but it is possible that there may be additional discoverable records.

k.      Currently, Defendant does not believe that any records in connection with a subsequent internal investigation and report to the NCAA are relevant or discoverable, and many of those documents may be protected by one or more privileges. At present, Defendant does not anticipate relying on such records in its defense, but it notes the existence of such records since they have been mentioned by Plaintiff's counsel.

Defendant's investigation is continuing, and Defendant reserves the right to supplement and amend these disclosures.

3.      <u>Computation of Damages (Fed. R. Civ. P. 26(a)(1)(C))</u>: Defendant Sessoms (in his individual capacity) and the DSU Board (as the real party in interest for injunctive relief) have not asserted any counterclaims at this time. Defendant Sessoms and DSU believe that this matter is frivolous and without merit, and at its conclusion, they will seek those costs and reasonable attorneys' fees that they have incurred in defending this action.

4.      <u>Insurance Agreements (Fed. R. Civ. P. 26(a)(1)(D))</u>: DSU's indemnification policy is set forth in the Board of Trustee's Bylaws and is available on the University website (www.desu.edu). Defendant Sessoms is not aware of any policy of insurance under which any insurer would be obligated to pay any judgment make against him in his individual capacity.

Defendant Sessoms and the DSU Board reserve the right to amend or supplement these disclosures during discovery.

                                      SAUL EWING LLP

                                      */s/ Kimberly Large*

                                      Kimberly L. Gattuso, Esquire (No. 3733)
                                      Kimberly M. Large Esquire (No. 4422)
                                      222 Delaware Avenue
                                      P.O. Box 1266
                                      Wilmington, DE 19899
                                      (302) 421-6800
                                      klarge@saul.com

                                      and

                                      Robert L. Duston (Admitted Pro Hac Vice)
                                      Saul Ewing LLP
                                      2600 Virginia Ave., NW
                                      Suite 1000
                                      Washington, DC 20037

                                      Attorneys for Defendant Allen Sessoms
                                      and the Delaware State University Board of
                                      Trustees

DATED: February 5, 2007

## CERTIFICATE OF SERVICE

I, Kimberly M. Large, Esquire hereby certify that on February 5, 2007, I electronically filed the DEFENDANT'S INITIAL DISCLOSURES with the Clerk of Court using CM/ECF which will send notification of such filing. A copy of the document was served on the following counsel in the manner indicated:

**VIA CM/ECF ELECTRONIC FILING**
**and VIA FIRST CLASS MAIL**

Gilbert Shelsby (No. 2833)
Michael J. Logullo (No. 3851)
Shelsby & Leoni
221 Main Street
Stanton, DE 19804

and

**VIA FIRST CLASS MAIL**

Gregg L. Zeff (pro hac vice)
Michael Ksiazek
Frost & Zeff PC
7 North Columbus Blvd. Suite 2
Philadelphia, PA 19106-1422

SAUL EWING LLP

_____
Kimberly M. Large Esquire (No. 4422)
222 Delaware Avenue
P.O. Box 1266
Wilmington, DE 19899
(302) 421-6800
klarge@saul.com

544940.1 2/5/07