IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WENDELL GORUM, Ph.D.,<br>55 Freedom Drive<br>Dover, DE 19904, | : <br> : <br> : | CIVIL ACTION <br><br> NO. 06-565 |
| Plaintiff, | : | |
| v. | : | |
| ALLEN L. SESSOMS, Ph.D.,<br>[Omitted]<br>1200 DuPont Highway<br>Dover, DE 19901, | : <br> : <br> : <br> : | |
| and | : | |
| BOARD OF TRUSTEES OF<br>DELAWARE STATE UNIVERSITY,<br>1200 DuPont Highway<br>Dover, DE 19901, | : <br> : <br> : <br> : | JURY TRIAL DEMANDED |
| Defendant. | : | |

## CIVIL ACTION - AMENDED COMPLAINT

Plaintiff Wendell Gorum, Ph.D., by and through his attorneys, hereby brings this Complaint against Defendants Allen L. Sessoms, Ph.D., **and the Board of Trustees of Delaware State University** and in support thereof avers as follows: **All changes from Plaintiff's original Complaint have been noted by "[omitted]" or have been placed in bold where added.**

### I. INTRODUCTION

-1-

MAR 2 0 2007

1. This action for declaratory, injunctive, monetary and other appropriate relief is brought by Plaintiff Wendell Gorum, Ph.D. to redress the intentional violations by Defendant Allen L. Sessoms, Ph.D. of the rights secured to him by the laws of the United States of America and the State of Delaware.

## II.  JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and the First and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1343(3) and the aforementioned statutory and constitutional provisions.

3. Jurisdiction lies over state law claims based on the principles of supplemental jurisdiction, as codified at 28 U.S.C. § 1367.

4. The amount in controversy exclusive of interest and costs exceeds the sum of One Hundred Thousand ($100,000.00) Dollars.

## III.  VENUE

5. All the claims herein arose within the jurisdiction of the United States District Court for the District of Delaware and involve Defendants who reside within the jurisdictional limits. Venue is accordingly invoked pursuant to the dictates of 28 U.S.C. § 1391(b) and (c).

## IV.  PARTIES

6. Plaintiff Wendell Gorum, Ph.D. (hereinafter "Plaintiff") is an adult individual citizen of the State of Delaware, residing therein at 55 Freedom Drive, Dover, Delaware 19904.

7. Defendant Allen L. Sessoms, Ph.D. (hereinafter "Defendant" and/or "Dr. Sessoms") is the President of Delaware State University **(hereinafter "Delaware State")**, a public

institution of higher education of the State of Delaware, and corporation existing under 14 Del C. Chapter 65, located at 1200 DuPont Highway, Dover, Delaware 19901, [Omitted]. **Dr. Sessoms is sued in his individual capacity only.**

8. **Defendant Board of Trustees of Delaware State (hereinafter the "Board"), named corporately, is the corporation existing under 14 Del C. Chapter 65, created to operate Delaware State, which is located at 1200 DuPont Highway, Dover, Delaware 19901. Defendant Board is an instrumentality of the State of Delaware that Plaintiff has stipulated is not a suable person under 42 U.S.C. § 1983 or the 11th Amendment. The individual members of the Board could be sued in their official capacities for prospective injunctive relief. Pursuant to the parties' Stipulation and Consent Order and for this suit only, Plaintiff is permitted to name the Board in lieu of each of its individual members, but this remains in essence a claim for only prospective injunctive relief against the individual members in their official capacities.**

## V.   FACTS

9. Plaintiff was hired by Delaware State [omitted] in or about September 1989 as a Professor of English and Mass Communications.

10. In or about January 1991, Plaintiff was named Director of Mass Communications.

11. Plaintiff received tenure in 1992.

12. In or about 2001, the Department of Mass Communications was created and Plaintiff was named Chair of the department.

13. In or about December 2002, a Delaware State student and member of the football team

was accused of possessing a firearm on campus and was expelled from school as punishment therefore.

14. Plaintiff believed the charge to be unfounded.

15. Plaintiff, acting as a student advisor, defended this student at his disciplinary hearing and advised him in his appeal of the disciplinary action taken against him.

16. As a result of Plaintiff's efforts, then Delaware State President, William DeLauder, agreed to change the student's punishment to a one semester suspension, and to allow him to attend summer school to make up the course work and to continue to play football.

17. The student served his suspension during the Spring 2003 semester and enrolled in summer school for the Summer of 2003.

18. On or about July 1, 2003, Defendant Dr. Sessoms became the President of Delaware State.

19. Shortly after assuming the position, Dr. Sessoms changed the student's punishment from a one-semester suspension, to a one-year suspension and prohibited him from playing football.

20. When the football team protested this action, the football coach was advised by [omitted] **the Delaware State** Vice President that he would be terminated if he tried to put the student back on the team.

21. Plaintiff openly supported the student and assisted him in retaining an attorney and instituting a lawsuit against Defendant.

22. [Omitted] **Dr. Sessoms** was aware of Plaintiff's involvement in this matter.

23. [Omitted] **Dr. Sessoms** was also aware that Plaintiff spoke out and associated with

individuals on matters of public concern related to Delaware State on a continuing and regular basis, including, but not limited to the Administration at Delaware State.

24. Sometime in the Fall of 2003, [Omitted] **Delaware State** Associate Director of Human Resource, Sheila Davis, warned Plaintiff "they are after you."

25. It was a standard custom and practice at Delaware State that instructors were permitted to change a student's grade during the first three weeks of the semester, without approval of the Dean or Department Chair.

26. In addition, it was also common practice for Department Chairs to change grades issued by another professor where an error had been made and the professor who had issued the grade could not be reached. This was also done without the necessity of Dean approval.

27. In or about the Fall of 2003, in accordance with the aforementioned customs and practices, and in consultation with Dean Frederick, Plaintiff changed the grades of several students in order to correct certain errors.

28. Subsequently, on or about April 21, 2005, following a hearing before the Ad Hoc Dismissal Committee, Plaintiff was terminated - allegedly, for changing student grades without authority.

29. The grounds asserted by [omitted] **Dr. Sessoms and Delaware State** for Plaintiff's termination were pretext for the true reason therefore - retaliation for Plaintiff's exercise of protected activities.

**COUNT I**
**42 U.S.C. § 1983**
**FIRST AMENDMENT VIOLATIONS**

30. Plaintiff incorporates by this reference herein as though recited verbatim at length the

allegations contained in paragraphs 1 through 29 above.

31. Defendant **Dr. Sessoms** violated the provisions of 42 U.S.C. § 1983, in that Defendant **Dr. Sessoms**, acting under color of State law, deprived Plaintiff of the privileges and immunities secured to him by the First and Fourteenth Amendments of the United States Constitution and, in particular, his right to hold employment without infringement of his First Amendment right to freedom of speech.

32. Defendant **Dr. Sessoms** intentionally, wilfully, and recklessly terminated Plaintiff's employment in order to deny Plaintiff his First Amendment right to free speech and association.

33. Defendant **Dr. Sessoms'** actions were to penalize and retaliate against Plaintiff for his exercise of fundamental First Amendment rights.

WHEREFORE, Plaintiff, Wendell Gorum, Ph.D., respectfully requests this Honorable Court:

    1. Enter a declaratory judgment that Defendant **Dr. Sessoms'** retaliatory acts complained of herein have violated and continue to violate the rights of Plaintiff as secured by the United States Constitution;

    2. [Omitted] **Award injunctive relief from Defendant Board of Trustees of Delaware State University in the form of reinstatement of Plaintiff to his former position and compensation as a tenured professor with Delaware State University;**

    3. Award Plaintiff compensatory damages **from Defendant Allen L. Sessoms, Ph.D. individually,** including but not limited to: pain, suffering,

past economic loss, future economic loss, back pay, front pay, wage increases, loss of life's pleasures, loss of reputation, benefits, emotional distress and other damages;

4. Award reasonable costs and attorney's fees **from Defendant Allen L. Sessoms, Ph.D. individually**;

5. Award punitive damages **from Defendant Allen L. Sessoms, Ph.D. individually**; and

6. Grant any other relief this Court deems just and proper under the circumstances.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

**SHELSBY & LEONI**

Michael J. Logullo, Esquire
221 Main Street
Stanton, DE 19804
(302) 995-6210
mlogullo@msl de.com
and

Gregg L. Zeff, Esquire (Pro Hac Vice)
FROST & ZEFF
Pier 5 at Penn's Landing
7 North Columbus Boulevard
Philadelphia, PA 19106-1492
(215) 351-3333

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that Plaintiff's Amended Complaint was filed with the Court on the 21st day of March, 2007 and was forwarded to the below-listed counsel on that date via First Class Mail:

Kimberly M. Large, Esquire
Saul Ewing, LLP
222 Delaware Avenue, Suite 1200
Wilmington, DE 19899

Robert L. Duston, Esquire
Saul Ewing, LLP
2600 Virginia Avenue, NW
The Watergate, Suite 1000
Washington, DC 20037

_____
Michael J. Logullo, Esquire