IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WENDELL GORUM, Ph.D., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 06-565-GMS |
| v. ) | |
| ) | |
| ALLEN L. SESSOMS, Ph.D., ) | |
| ) | |
| and ) | |
| ) | |
| BOARD OF TRUSTEES OF ) | |
| DELAWARE STATE UNIVERSITY, ) | |
| ) | |
| Defendants. ) | |

## ANSWER AND GENERAL DEFENSES
## OF DEFENDANT ALLEN L. SESSOMS

Defendant Allen L. Sessoms, Ph.D., President of Delaware State University ("President Sessoms" or "Answering Defendant"), by counsel, and in accordance with the Stipulation and Order Regarding Plaintiff's Amended Complaint, D.I. 15 (the "Stipulation"), responds as follows to the Amended Complaint (the "Amended Complaint") filed by plaintiff Wendell Gorum, Ph.D. ("Dr. Gorum"). In answering this Amended Complaint against President Sessoms in his individual capacity, unless otherwise indicated, President Sessoms responds based upon the facts personally known by him, and not as an agent or representative of Delaware State University.

### INTRODUCTION

1. Paragraph 1 of the Amended Complaint contains conclusions of law to which no response is required. To the extent that a response is required, Answering Defendant admits that Dr. Gorum is seeking certain relief, but denies that Answering Defendant has violated any rights of Dr. Gorum, or that Dr. Gorum is entitled to any relief. Answering Defendant denies all other allegations in paragraph 1 of the Amended Complaint.

## JURISDICTION

2. Paragraph 2 of the Amended Complaint contains jurisdictional statements and conclusions of law to which no response is required. To the extent that a response is required, Answering Defendant admits that Dr. Gorum is alleging violations of 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the U.S. Constitution. Answering Defendant also admits that this Court has subject matter jurisdiction over such a claim under 28 U.S.C. § 1331. Answering Defendant denies all other allegations in paragraph 2 of the Amended Complaint.

3. Paragraph 3 of the Amended Complaint contains jurisdictional statements and conclusions of law to which no response is required. To the extent that a response is required, Answering Defendant avers that the Amended Complaint does not include any state law claims, so the issue of potential supplemental jurisdiction under 28 U.S.C. § 1367 does not arise. Answering Defendant denies all other allegations in paragraph 3 of the Amended Complaint.

4. Paragraph 4 of the Amended Complaint contains jurisdictional statements and conclusions of law to which no response is required. To the extent that a response is required, Answering Defendant avers that Dr. Gorum is not entitled to any relief from him. Answering Defendant denies all other allegations in paragraph 4 of the Amended Complaint.

## VENUE

5. Paragraph 5 of the Amended Complaint contains jurisdictional statements and conclusions of law to which no response is required. To the extent that a response is required, Answering Defendant admits that Delaware State University ("DSU") is located within this judicial district, and that any action by Answering Defendant that affected the employment of Dr. Gorum occurred within this judicial district. Answering Defendant denies all other allegations in paragraph 5 of the Amended Complaint.

## PARTIES

6. Answering Defendant admits the allegations in paragraph 6 of the Amended Complaint.

7. Answering Defendant admits the allegation in paragraph 7 of the Amended Complaint that he is President of Delaware State University, an institution of higher education that is an agency or instrumentality of the State of Delaware, with its main campus at 1200 DuPont Highway, Dover, Delaware 19901. The remaining allegations of paragraph 7 contain jurisdictional statements and conclusions of law to which no response is required. To the extent a response is required, in accordance with the Stipulation and Consent Order, Answering Defendant admits that he is being sued only in his individual capacity and denies that he is liable to Dr. Gorum.

8. The allegations contained in paragraph 8 of the Amended Complaint are not directed toward Answering Defendant and therefore, no response is required. To the extent a response is required, in accordance with the Stipulation and Consent Order, Answering Defendant admits the allegations in paragraph 8 of the Amended Complaint. However, Answering Defendant avers that Dr. Gorum is not entitled to any injunctive relief from the Board.

## FACTS

9. The allegations in paragraph 9 of the Amended Complaint relate to events that preceded the time that Answering Defendant was employed by Delaware State University ("DSU"). Therefore, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 9 of the Amended Complaint. Answering Defendant admits, on information and belief, that according to DSU records, Dr. Gorum was first employed by DSU in September 1989 to teach within the Department of

English. Answering Defendant denies all other allegations in paragraph 9 of the Amended Complaint.

10. The allegations in paragraph 10 of the Amended Complaint relate to events that preceded the time that Answering Defendant was employed by DSU. Therefore, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 10 of the Amended Complaint.

11. The allegations in paragraph 11 of the Amended Complaint relate to events that preceded the time that Answering Defendant was employed by DSU. Therefore, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 11 of the Amended Complaint. Answering Defendant admits, on information and belief, that according to DSU records, the Board granted tenure to Dr. Gorum, under the procedures then existing. Since these events preceded Answering Defendant's employment at DSU, he is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 11 of the Amended Complaint.

12. The allegations in paragraph 12 of the Amended Complaint relate to events that preceded the time that Answering Defendant was employed by DSU. Answering Defendant admits, on information and belief, that according to DSU records, a separate Department of Mass Communication was created and that Dr. Gorum became Chair of that Department sometime prior to Answering Defendant's employment at DSU. Since these events preceded Answering Defendant's employment at DSU, he is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 12 of the Amended Complaint.

13. The allegations in paragraph 13 of the Amended Complaint relate to events that preceded the time that Answering Defendant was employed by DSU. Therefore, Answering

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 13 of the Amended Complaint. Answering Defendant avers that after becoming employed at DSU, he became aware of a prior incident involving a DSU student who was found to have been in possession of a firearm. While the allegation in paragraph 13 does not identify the individual, on information and belief, this is the same incident.

14. The allegations in paragraph 14 of the Amended Complaint relate to Plaintiff's state of mind as well as to events that preceded the time that Answering Defendant was employed by DSU. Therefore, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations in paragraph 14 of the Amended Complaint.

15. The allegations in paragraph 15 of the Amended Complaint relate to events that preceded the time that Answering Defendant was employed by DSU, and Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 15 of the Amended Complaint.

16. The allegations in paragraph 16 of the Amended Complaint relate to events that preceded the time that Answering Defendant was employed by DSU, and concern the state of mind of the former DSU President, William DeLauder. Therefore, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 16 of the Amended Complaint.

17. The allegations in paragraph 17 of the Amended Complaint relate to events that preceded the time that Answering Defendant was employed by DSU, and Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 17 of the Amended Complaint.

18. Answering Defendant admits the allegations in paragraph 18 of the Amended Complaint.

19. Answering Defendant admits only that subsequent to the time he became President of DSU, he became aware that a student athlete had been found to have unlawfully possessed a firearm on campus and that student challenged a determination by other DSU officials that the student was not eligible to play football during the Fall 2003 season. Answering Defendant denies all other allegations in paragraph 19 of the Amended Complaint.

20. The allegations in paragraph 20 of the Amended Complaint relate to alleged actions by another DSU official, and Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations.

21. Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations in paragraph 21 of the Amended Complaint, including those related to Dr. Gorum's state of mind, and therefore denies them.

22. Answering Defendant denies the allegations in paragraph 22 of the Amended Complaint.

23. Paragraph 23 of the Amended Complaint contains conclusions of law to which no response is required. The allegations of paragraph 23 of the Amended Complaint are also so vague that Answering Defendant is unable to form a belief as to the truth of them. To the extent that any further response is required, Answering Defendant denies that any conduct by Dr. Gorum constituted matters of public concern. Answering Defendant denies all other allegations in paragraph 23 of the Amended Complaint.

24. The allegations in paragraph 24 of the Amended Complaint relate to alleged actions by another DSU official, and Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations.

25. Answering Defendant admits that there are procedures pursuant to which an instructor may correct errors in grades or remove incomplete grades for students registered in the instructor's class. Answering Defendant denies the remaining allegations in paragraph 25 of the Amended Complaint.

26. Answering Defendant denies the allegations in paragraph 26 of the Amended Complaint.

27. Answering Defendant admits the allegation in paragraph 27 of the Amended Complaint that Dr. Gorum changed the grades of students, including grades issued by other professors, without the prior knowledge or approval of those professors. Answering Defendant further avers that, based upon the comprehensive findings of the Ad Hoc Dismissal Committee, this occurred on numerous occasions not limited to the Fall of 2003. Answering Defendant denies all other allegations in paragraph 27 of the Amended Complaint.

28. Answering Defendant admits that following a comprehensive due process hearing before the Ad Hoc Dismissal Committee, and the peer committee's findings that Dr. Gorum had committed multiple violations of the collective bargaining agreement that constituted "good reason" for termination, that the Board of Trustees of DSU terminated the employment of Dr. Gorum. Answering Defendant admits, on information and belief, that the Board's actions were based upon the findings and conclusions of the Ad Hoc Dismissal Committee. Answering Defendant denies all remaining allegations in paragraph 28 of the Amended Complaint.

29. To the extent that paragraph 29 of the Amended Complaint is directed at the actions of President Sessoms, Answering Defendant denies those allegations.

## COUNT 1—42 U.S.C. § 1983

30. Answering Defendant incorporates by reference his responses and denials in paragraph 1 through 29 above.

31. Answering Defendant denies the allegations in paragraph 31 of the Amended Complaint.

32. Answering Defendant denies the allegations in paragraph 32 of the Amended Complaint.

33. Answering Defendant denies the allegations in paragraph 33 of the Amended Complaint.

34. Answering Defendant denies that Dr. Gorum is entitled to any of the relief sought in his prayer for relief against Answering Defendant.

## GENERAL DEFENSES

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Certain of plaintiff's claims may be barred by the doctrine of laches, waiver and/or estoppel, and/or the applicable statute of limitations.

3. To the extent that plaintiff is asserting claims for alleged physical injury, his exclusive remedy is through the Delaware Workers' Compensation law.

4. Plaintiff's alleged injuries and damages were caused in whole or in part by his own conduct.

5. Plaintiff knows, or has reason to know, that his claims are without any basis in law or fact, and that some or all of his claims are being made for an improper motive.

6. Plaintiff has failed to mitigate his damages.

7. Some or all of the statements or actions that Dr. Gorum alleges as protected activity were made pursuant to Dr. Gorum's official duties as Department Chair and/or Professor, and therefore were not protected by the First Amendment.

8. None of the statements by Dr. Gorum were on matters of public concern.

9. As conceded by Plaintiff in the Stipulation and Consent Order, DSU is an instrumentality of the State of Delaware and is immune from suit pursuant to the 11th Amendment of the U.S. Constitution. As conceded by Plaintiff, President Sessoms is immune from actions for damages in his official capacity.

10. As further conceded by Plaintiff, President Sessoms may not be sued in his individual or official capacity for prospective injunctive relief in the form of reinstatement, since by law such relief can only be provided by the Board of DSU.

11. President Sessoms asserts the defense of absolute and/or qualified immunity as to all claims against him in his individual capacity, and that this immunity has not been waived or lost.

12. The activities that Dr. Gorum alleges to be protected are not and/or were not clearly established rights under the U.S. Constitution.

13. To the extent that any action occurred that violated plaintiff's constitutional rights, President Sessoms acted with a rational basis and/or without malice, and his actions were objectively reasonable.

14. President Sessoms would have taken the same actions regarding Dr. Gorum regardless of any of the allegedly protected speech.

15. President Sessoms alleges, in the alternative, that some or all of the allegedly

protected speech by Dr. Gorum caused or was likely to cause disruption of the activities of DSU that outweighed the value of plaintiff's expression.

16. None of the actions taken by President Sessoms were due to the content of any protected speech by Dr. Gorum.

17. The allegedly protected speech was not a substantial or motivating factor behind any actions taken by President Sessoms concerning Dr. Gorum's employment.

18. President Sessoms did not take any adverse employment action against Dr. Gorum.

19. Some or all of plaintiff's claims are moot.

20. Plaintiff's claims are barred for lack of justiciability.

21. Plaintiff lacks standing to sue President Sessoms for any form of declaratory relief.

22. The Board of Trustees of DSU was the sole decisionmaker behind Dr. Gorum's termination.

**PRAYER FOR RELIEF**

Answering Defendant requests that this Court

1. Dismiss the Amended Complaint with prejudice;

2. Award Answering Defendant his costs and reasonable attorneys' fees incurred in connection with the action pursuant to Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927 and the inherent power of the Court; and

3. Award other such further relief as the Court deems appropriate.

Dated: April 12, 2007

                                    Respectfully submitted,

                                    Kimberly M. Large (Delaware Bar No. 4422)
Saul Ewing LLP
222 Delaware Avenue
Wilmington, DE 19899
(302) 421-6826
(302) 421-5883 Fax

Robert L. Duston
(Admitted Pro Hac Vice)
Saul Ewing LLP
2600 Virginia Ave., NW
Suite 1000
Washington, DC 20037

Attorneys for Defendants Allen Sessoms and the Board of Trustees of Delaware State University

## CERTIFICATE OF SERVICE

I, Kimberly M. Large, Esquire, hereby certify that on this 12th day of April, 2007, I electronically filed a true and correct copy of the foregoing ANSWER AND GENERAL DEFENSES OF DEFENDANTS ALLEN L. SESSOMS with the Clerk of Court using CM/ECF which will send notification of such filing. A copy of the document was served on the following attorneys of record in the manner indicated:

**VIA FIRST CLASS MAIL**
Gilbert Shelsby (No. 2833)
Michael J. Logullo (No. 3851)
Shelsby & Leoni
221 Main Street
Stanton, DE 19804

**VIA FIRST CLASS MAIL**
Gregg L. Zeff (pro hac)
Michael Ksiazek
Frost & Zeff
Pier 5 at Penn's Landing
7 North Columbus Boulevard
Philadelphia, PA 19106

Kimberly M. Large (No. 4422)