IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WENDELL GORUM, Ph.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 06-565-GMS |
| v. | ) | |
| | ) | |
| ALLEN L. SESSOMS, Ph.D., | ) | |
| | ) | |
| and | ) | |
| | ) | |
| BOARD OF TRUSTEES OF | ) | |
| DELAWARE STATE UNIVERSITY, | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER AND GENERAL DEFENSES**
**OF DEFENDANT BOARD OF TRUSTEES OF DELAWARE STATE UNIVERSITY**

Defendant Board of Trustees of Delaware State University (the "Board" or "Answering Defendant"), by counsel, and in accordance with the Stipulation and Order Regarding Plaintiff's Amended Complaint, D.I. 15 (the "Stipulation"), responds as follows to the Amended Complaint (the "Amended Complaint") filed by plaintiff Wendell Gorum, Ph.D. ("Dr. Gorum"): In answering this Amended Complaint against Answering Defendant in each member's official capacity, unless otherwise indicated, Answering Defendant responds based upon the facts known in that capacity at Delaware State University.

**INTRODUCTION**

1. The allegations contained in paragraph 1 are not directed toward Answering Defendant and therefore, no response is required. To the extent a response is required, paragraph 1 of the Amended Complaint contains conclusions of law, and the Answering Defendant is without sufficient knowledge, information or belief to ascertain the truth or veracity of the allegations set forth in this paragraph and therefore denies the same.

## JURISDICTION

2. Paragraph 2 of the Amended Complaint contains jurisdictional statements and conclusions of law to which no response is required. To the extent that a response is required, Answering Defendant admits that Dr. Gorum is alleging violations of 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the U.S. Constitution. Answering Defendant also admits that this Court has subject matter jurisdiction over such a claim under 28 U.S.C. § 1331. Answering Defendant denies all other allegations in paragraph 2 of the Amended Complaint.

3. Paragraph 3 of the Amended Complaint contains jurisdictional statements and conclusions of law to which no response is required. To the extent that a response is required, Answering Defendant avers that the Amended Complaint does not include any state law claims, so the issue of potential supplemental jurisdiction under 28 U.S.C. § 1367 does not arise. Answering Defendant denies all other allegations in paragraph 3 of the Amended Complaint.

4. Paragraph 4 of the Amended Complaint contains jurisdictional statements and conclusions of law, and its allegations are not directed toward Answering Defendant as no monetary relief is sought from Answering Defendant; therefore, no response is required. To the extent that a response is required, Answering Defendant admits that Dr. Gorum is alleging an amount in controversy as stated but denies that Dr. Gorum is entitled to any monetary relief.

## VENUE

5. Paragraph 5 of the Amended Complaint contains jurisdictional statements and conclusions of law to which no response is required. To the extent that a response is required, Answering Defendant admits that Delaware State University ("DSU") is located within this judicial district, and that any action by Answering Defendant that affected the employment of Dr.

Gorum occurred within this judicial district. Answering Defendant denies all other allegations in paragraph 5 of the Amended Complaint.

## PARTIES

6. Answering Defendant admits, on information and belief, the allegations in paragraph 6 of the Amended Complaint.

7. The allegations contained in paragraph 7 of the Amended Complaint are not directed toward Answering Defendant and therefore, no response is required. To the extent a response is required, Answering Defendant admits the allegation in paragraph 7 of the Amended Complaint that President Sessoms is president of DSU, an institution of higher learning that is an agency or instrumentality of the State of Delaware, with its main campus at 1200 DuPont Highway, Dover, Delaware 19901. In accordance with the Stipulation and Consent Order, Answering Defendant admits that President Sessoms is being sued only in his individual capacity but denies that President Sessoms is liable to Dr. Gorum.

8. In accordance with the Stipulation and Consent Order, Answering Defendant admits the allegations in paragraph 8 of the Amended Complaint. However, Answering Defendant avers that Dr. Gorum is not entitled to any injunctive relief from Answering Defendant.

## FACTS

9. The allegations contained in paragraph 9 are not directed toward Answering Defendant and therefore, no response is required. To the extent a response is required, Answering Defendant admits, on information and belief, that according to DSU records, Dr. Gorum was first employed by DSU in September 1989 to teach within the Department of English. Answering Defendant denies all other allegations in paragraph 9 of the Amended Complaint.

10. The allegations contained in paragraph 10 are not directed toward Answering Defendant and therefore, no response is required. To the extent a response is required, Answering Defendant admits, on information and belief, that according to DSU's records, Dr. Gorum's title did change in or around 1991.

11. The allegations contained in paragraph 11 are not directed toward Answering Defendant and therefore, no response is required. To the extent a response is required, Answering Defendant admits that according to DSU records, the Board granted tenure to Dr. Gorum, under the procedures then existing.

12. The allegations contained in paragraph 12 are not directed toward Answering Defendant and therefore, no response is required. To the extent a response is required, Answering Defendant admits that according to DSU records, a separate Department of Mass Communication was created and that Dr. Gorum became Chair of that Department.

13. The allegations contained in paragraph 13 are not directed toward Answering Defendant and therefore, no response is required. To the extent a response is required, Answering Defendant admits that there was an incident involving DSU student DeShaun Morris, who was found to have been in possession of a firearm on campus and admits, on information and belief, that this was the same incident.

14. The allegations contained in paragraph 14 are not directed toward Answering Defendant and therefore, no response is required. To the extent a response is required, the allegations in paragraph 14 of the Amended Complaint relate to Plaintiff's state of mind. Therefore, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations in paragraph 14 of the Amended Complaint.

15. The allegations contained in paragraph 15 are not directed toward Answering Defendant and therefore, no response is required. To the extent a response is required, Answering Defendant admits that according to records maintained by other DSU officials, Plaintiff took some actions supportive of this student's appeals. Answering Defendant denies all other allegations in paragraph 15 of the Amended Complaint as stated.

16. The allegations contained in paragraph 16 are not directed toward Answering Defendant and concern the state of mind of William DeLauder, and therefore, no response is required. To the extent a response is required, Answering Defendant admits only that William DeLauder was DSU President at the time alleged and that, according to records maintained by other DSU officials, there were certain actions taken with respect to the discipline of the student. Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 16 of the Amended Complaint.

17. The allegations contained in paragraph 17 are not directed toward Answering Defendant and therefore, no response is required. To the extent a response is required, Answering Defendant admits only that, according to records of DSU, student DeShaun Morris was suspended during the Spring 2003 semester and subsequently enrolled. Answering Defendant denies all other allegations in paragraph 17 of the Amended Complaint as stated.

18. The allegations contained in paragraph 18 are not directed toward Answering Defendant and therefore, no response is required. To the extent a response is required, Answering Defendant admits the allegations in paragraph 18 of the Amended Complaint.

19. The allegations contained in paragraph 19 are not directed toward Answering Defendant and therefore, no response is required. To the extent a response is required, Answering Defendant admits only that, according to records maintained by DSU officials, the

DSU Administration determined that because of his suspension, DSU student DeShaun Morris was not eligible to play football during the Fall 2003 season. Answering Defendant denies all other allegations in paragraph 19 of the Amended Complaint.

20. The allegations contained in paragraph 20 are not directed toward Answering Defendant and therefore, no response is required. To the extent a response is required, Answering Defendant is without sufficient knowledge or information to form a belief as to truth of those allegations in paragraph 20 of the Amended Complaint.

21. The allegations contained in paragraph 21 are not directed toward Answering Defendant and therefore, no response is required. To the extent a response is required, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations in paragraph 21 of the Amended Complaint, including those related to Dr. Gorum's state of mind, and therefore denies them.

22. The allegations contained in paragraph 22 are not directed toward Answering Defendant and therefore, no response is required. To the extent a response is required, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations in paragraph 22 of the Amended Complaint, including those related to state of mind, and therefore denies them.

23. Paragraph 23 of the Amended Complaint contains jurisdictional statements and conclusions of law, and its allegations are not directed toward Answering Defendant; therefore, no response is required. To the extent a response is required, Answering Defendant denies that any conduct by Dr. Gorum constituted matters of public concern. Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of those remaining allegations in paragraph 23 of the Amended Complaint.

24. The allegations contained in paragraph 24 are not directed toward Answering Defendant and therefore, no response is required. To the extent a response is required, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 24 of the Amended Complaint.

25. The allegations contained in Paragraph 25 are not directed toward Answering Defendant and therefore, no response is required. To the extent a response is required, Answering Defendant admits that there are that there are procedures pursuant to which an instructor may correct errors in grades or remove incomplete grades for students registered in the instructor's class. Answering Defendant denies the remaining allegations in paragraph 25 of the Amended Complaint.

26. The allegations contained in paragraph 26 are not directed toward Answering Defendant and therefore, no response is required. To the extent a response is required, Answering Defendant denies the allegations in paragraph 26 of the Amended Complaint.

27. The allegations contained in paragraph 27 are not directed toward Answering Defendant and therefore, no response is required. To the extent a response is required, Answering Defendant admits the allegation in paragraph 27 of the Amended Complaint that Dr. Gorum changed the grades of students, including grades issued by other professors, without the prior knowledge or approval of those professors. Answering Defendant further avers that, based upon the comprehensive findings of the Ad Hoc Dismissal Committee, this occurred on numerous occasions not limited to the Fall of 2003. Answering Defendant denies all other allegations in paragraph 27 of the Amended Complaint.

28. The allegations contained in paragraph 28 are not directed toward Answering Defendant and therefore, no response is required. To the extent a response is required,

Answering Defendant admits only that following a comprehensive due process hearing before the Ad Hoc Dismissal Committee, and that peer committee's findings that Dr. Gorum had committed multiple violations of the collective bargaining agreement that constituted "good reason" for termination, that Answering Defendant terminated the employment of Dr. Gorum. Answering Defendant denies all remaining allegations of paragraph 28 of the Amended Complaint.

29. To the extent that paragraph 29 of the Amended Complaint is directed at the actions of the Board, Answering Defendant denies those allegations.

**COUNT 1—42 U.S.C. § 1983**

30. Answering Defendant incorporates by reference its responses and denials in paragraph 1 through 29 above.

31. The allegations contained in Paragraph 31 are not directed toward Answering Defendant and therefore, no response is required. To the extent a response is required, Answering Defendant denies the allegations in paragraph 31 of the Amended Complaint.

32. The allegations contained in Paragraph 32 are not directed toward Answering Defendant and therefore, no response is required. To the extent a response is required, Answering Defendant denies the allegations in paragraph 32 of the Amended Complaint.

33. The allegations contained in Paragraph 33 are not directed toward Answering Defendant and therefore, no response is required. To the extent a response is required, Answering Defendant denies the allegations in paragraph 33 of the Amended Complaint.

34. Answering Defendant denies that Dr. Gorum is entitled to any injunctive relief, or any other relief, from Answering Defendant.

## GENERAL DEFENSES

1.     Plaintiff fails to state a claim upon which relief can be granted.

2.     Certain of plaintiff's claims may be barred by the doctrine of laches, waiver and/or estoppel, and/or the applicable statute of limitations.

3.     To the extent that plaintiff is asserting claims for alleged physical injury, his exclusive remedy is through the Delaware Workers' Compensation law.

4.     Plaintiff's alleged injuries and damages were caused in whole or in part by his own conduct.

5.     Plaintiff knows, or has reason to know, that his claims are without any basis in law or fact, and that some or all of his claims are being made for an improper motive.

6.     Plaintiff has failed to mitigate his damages.

7.     Some or all of the statements or actions that Dr. Gorum alleges as protected activity were made pursuant to Dr. Gorum's official duties as Department Chair and/or Professor, and therefore were not protected by the First Amendment.

8.     None of the statements by Dr. Gorum were on matters of public concern.

9.     As conceded by Plaintiff in the Stipulation and Consent Order, DSU, and the legal entity that operates DSU, the Board, are instrumentalities of the State of Delaware and are immune from suit pursuant to the 11th Amendment of the U.S. Constitution.

10.     As further conceded by Plaintiff, the Board may only be sued for prospective injunctive relief, and it is named corporately to substitute for each individual member in his/her official capacity.

11.     The activities that Dr. Gorum alleges to be protected are not and/or were not clearly established rights under the U.S. Constitution.

546422.3 4/12/07                                    -9-

12.    To the extent that any action occurred that violated plaintiff's constitutional rights, Answering Defendant acted with a rational basis and/or without malice, and its actions were objectively reasonable.

13.    DSU would have taken the same actions regarding Dr. Gorum regardless of any of the allegedly protected speech.

14.    Answering Defendant alleges, in the alternative, that some or all of the allegedly protected speech by Dr. Gorum caused or was likely to cause disruption of the activities of DSU that outweighed the value of plaintiff's expression.

15.    DSU had the authority to impose reasonable time place and manner requirements on plaintiff's speech, but did not take any action due to the content of any protected speech by Dr. Gorum.

16.    The allegedly protected speech was not a substantial or motivating factor behind any actions taken by Answering Defendant concerning Dr. Gorum's employment.

17.    Some or all of plaintiff's claims are moot.

18.    Plaintiff's claims are barred for lack of justiciability.

19.    Plaintiff's claims for prospective relief are barred, as plaintiff has failed to demonstrate that he will suffer irreparable injury if injunctive relief is denied, and plaintiff has failed to demonstrate that he faces a realistic probability of the type of future injury alleged herein.

20.    Plaintiff lacks standing to sue for any form of declaratory relief.


## PRAYER FOR RELIEF

Answering Defendant requests that this Court

1.     Dismiss the Amended Complaint with prejudice;

2.     Award Defendant its costs and reasonable attorneys' fees incurred in connection with the action pursuant to Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927 and the inherent power of the Court; and

3.     Award other such further relief as the Court deems appropriate.

Dated: April 12, 2007

Respectfully submitted,

Kimberly M. Large (Delaware Bar No. 4422)
Saul Ewing LLP
222 Delaware Avenue
Wilmington, DE 19899
(302) 421-6826
(302) 421-5883 Fax

Robert L. Duston
(Admitted Pro Hac Vice)
Saul Ewing LLP
2600 Virginia Ave., NW
Suite 1000
Washington, DC 20037

Attorneys for Defendants Allen Sessoms and the
Board of Trustees of Delaware State University

## CERTIFICATE OF SERVICE

I, Kimberly M. Large, Esquire, hereby certify that on this 12th day of April, 2007, I electronically filed a true and correct copy of the foregoing ANSWER AND GENERAL DEFENSES OF DEFENDANT BOARD OF TRUSTEES OF DELAWARE STATE UNIVERSITY with the Clerk of Court using CM/ECF which will send notification of such filing. A copy of the document was served on the following attorneys of record in the manner indicated:

**VIA FIRST CLASS MAIL**
Gilbert Shelsby (No. 2833)
Michael J. Logullo (No. 3851)
Shelsby & Leoni
221 Main Street
Stanton, DE 19804


**VIA FIRST CLASS MAIL**
Gregg L. Zeff (pro hac)
Michael Ksiazek
Frost & Zeff
Pier 5 at Penn's Landing
7 North Columbus Boulevard
Philadelphia, PA 19106

Kimberly M. Large (No. 4422)