IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WENDELL GORUM, Ph.D., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 06-565-GMS |
| v. | ) |
| | ) |
| ALLEN L. SESSOMS, Ph.D., | ) |
| And | ) |
| | ) |
| BOARD OF TRUSTEES OF | ) |
| DELAWARE STATE UNIVERSITY, | ) |
| | ) |
| Defendants. | ) |

## STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

WHEREAS, Plaintiff Wendell Gorum ("Plaintiff") may seek discovery of certain information of a confidential and/or proprietary nature from the Board of Trustees of Delaware State University (the "Board," and collectively with President Sessoms, "Defendants") during the course of this litigation, including but not limited to confidential personnel information of other employees and confidential personnel information of current or former students, including social security numbers. Because such student information has been exchanged in prior proceedings, the student information will not be redacted prior to production; and

WHEREAS, Defendants may wish to seek discovery of medical, financial, or other information that Plaintiff deems confidential; and

WHEREAS, Plaintiff and Defendants believe that it would serve their interests to conduct discovery in the above captioned matter under a protective order pursuant to Federal Rule of Civil Procedure 26(c).

NOW THEREFORE, IT IS STIPULATED AND ORDERED THAT:

1. *Identification and Handling of Confidential Information.* Each party shall have the right to designate confidential information, including but not limited to insurance information, financial information, medical information, proprietary business information, and personnel information, as subject to the provisions of this Agreement. All documents produced in the course of discovery, all answers to interrogatories, all answers to requests for admission, all responses to requests for production of documents, and all deposition testimony and deposition exhibits shall be subject to this Stipulated Protective Order concerning confidential information, as set forth below:

(a) The designation of confidential information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL." One who provides material may designate it as confidential only when such person in good faith believes it contains sensitive personal or personnel information, trade secrets or other confidential financial research, development, or commercial information. Except for documents produced for inspection at the party's facilities, the designation of confidential information shall be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked confidential. Once specific documents have been designated for copying, any documents containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and

designated the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

      (b)    It is understood and agreed that documents concerning non-parties (such as current or former students or employees) may contain personal identifying information (such as addresses and social security numbers) that is protected under federal and/or state law, and/or are documents protected under the Federal Educational Right of Privacy Act ("FERPA"). FERPA does not by its express terms prevent discovery of relevant school records under the Federal Rules of Civil Procedure, although it does place a higher burden on a party seeking access to student records to justify disclosure than with the discovery of other types of records. The information must thus be material, necessary and uniquely within the knowledge and possession of the School District in order to be discoverable. The parties acknowledge that some such documents are relevant and discoverable; and that the volume of potentially discoverable documents makes it infeasible to designate every such document as confidential or to redact all personal identifying information at this time. Therefore, notwithstanding other provisions of this Stipulated Protective Order, (1) all academic records related to current or former students shall be deemed Confidential, and (2) the portion of any other record containing personal identifying information of non-parties, are deemed Confidential even if not so marked. Any document containing Confidential information that is submitted to the Court shall be filed under seal and kept under seal under the rules of the Court and the provisions of paragraph 2 below. Before a document that has been filed under seal under this paragraph is made public by the Court, either the personal identifying information contained in the documents will be redacted, or parents

3

and/or eligible students will be notified about the disclosures so that the parents and students have an opportunity to seek protective action pursuant to the requirements under 34 CFR § 99.31.

(c) Portions of depositions of a party or a party's present and former officers, directors, employees, agents, experts, and representatives shall be deemed confidential only if they are designated as such when the deposition is taken or within seven business days after receipt of the transcript. Any testimony which describes a document which has been designated as "CONFIDENTIAL," as described above, shall also be deemed to be designated as "CONFIDENTIAL."

(d) Information or documents designated as confidential under this Stipulated Protective Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraph (e) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals or retrials). Under no circumstances shall otherwise protected confidential information be disclosed to anyone other than persons designated below, and such persons shall not disclose such protected information to anyone during or after the termination of this litigation, except pursuant to legal process. In the event legal process, including but not limited to a subpoena, is served covering protected confidential information, the party served with legal process shall give counsel for the party who designated the information as "confidential" notice of such legal process in order to allow the party who designated the information as confidential to interpose an objection, seek a protective order, or seek other judicial relief prior to the return date. The parties shall not disclose information or documents designated as confidential to putative class members not named as plaintiffs in putative class litigation unless and until one or more classes has/have been certified.

(e) The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as confidential under this Stipulated Protective Order to any other person or entity, except that disclosures may be made in the following circumstances:

i. Disclosure may be made to counsel and employees of counsel for the parties under counsel's direct supervision who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Stipulated Protective Order requiring that the documents and information be held in confidence.

ii. Disclosure may be made only to employees of an employer-party to this action required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed. Any such employee to whom documents or information produced by plaintiff and designated as "confidential" by plaintiff (which Defendants do not otherwise possess) are disclosed shall be provided with a copy of, and become subject to, the provisions of this Stipulated Protective Order requiring that the documents and information be held in confidence.

iii. Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this Stipulated Protective Order.

iv. Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the

parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of, provided a copy of and agree in writing to be subject to the provisions of this Stipulated Protective Order requiring that the documents and information be held in confidence.

      v.  The restrictions on the use of confidential information established pursuant to this Stipulated Protective Order do not apply to the party producing this information.

  (f) Except as provided in subparagraph (e) above, counsel for the parties shall keep all documents designated as Confidential, including all copies of such documents or information, which are received under this Stipulated Protective Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area. Counsel shall further take all steps reasonably necessary to see that no person shall use, disclose or record such information for any purpose other than the preparation or conduct of this case.

  (g) All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this Stipulated Protective Order or any portion thereof, shall be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear.

  (h) If any confidential documents or information are disclosed to any person other than in the manner authorized by this Stipulated Protective Order, the party responsible for the disclosure shall, upon discovery of the disclosure: conduct a diligent and prompt investigation of the circumstances of the disclosure, including the name and address of the person to whom the disclosure was made; make reasonable efforts to prevent disclosure by any such unauthorized person who receives confidential information, including, if necessary, obtaining

such information and documents back from the unauthorized person; and promptly informing all other counsel of all facts pertinent to the disclosure.

(i) Nothing in this Agreement restricts a party's right to object to the disclosure of information otherwise non-disclosable pursuant to Federal or State statute, regulation or law, or to seek a protective order preventing disclosure or limiting discovery of confidential information.

2. *Confidential Information Filed With Court.* Except as provided below, to the extent that any materials subject to this Stipulated Protective Order (or any pleading, motion or memorandum referring to them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses confidential information, shall be filed under seal (by the filing party) with the Clerk of the Court in an envelope marked "SEALED PURSUANT TO ORDER OF COURT DATED JUNE ___ 2007," together with a motion requesting that they be designated as such (the "Interim Sealing Motion"). Even if the filing party believes that the materials subject to the Stipulated Protective Order are not properly classified as confidential, the filing party shall file the Interim Sealing Motion; provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing party's rights under paragraph 4 of this Stipulated Protective Order. The party who has designated the material as confidential may waive the confidentiality and file the material in the normal course.

3. *Party Seeking Greater Protection Must Obtain Further Order.* No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by paragraph 1 of this Stipulated Protective Order unless the party claiming a need for greater protection moves for an order providing such special protection

7

pursuant to Fed. R. Civ. P. 26(c). Nothing in this Stipulated Protective Order shall be construed to waive or prejudice the right of the designating party to object to the production or admission of any confidential information in this action, including at any hearing or trial.

4. *Challenging Designation of Confidentiality.* A designation of confidentiality may be challenged upon motion. The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality.

5. *Return of Confidential Material at Conclusion of Litigation.* At the conclusion of the litigation, each person subject to this Stipulated Protective Order shall return all confidential information and any copies thereof within the party's control, or the control of those to whom the party has distributed any such material, documents or information, to counsel for the party from whom the confidential information was received. This information must be returned within twenty (20) working days after the final disposition of this matter, and each person must certify in writing to counsel for the producing party that all documents and any copies thereof have been returned. If the parties so stipulate, the material may be destroyed instead of being returned so long as counsel certifies in writing that all documents and information (and any and all copies thereof) have been destroyed. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

6. *Violation as Contempt of Court.* Violation by any person of any terms of this Stipulated Confidentiality Agreement and Protective Order is punishable as contempt of court, and will entitle the party who designated the documents or information as confidential to seek appropriate relief, including but not limited to injunctive relief, monetary damages, and all reasonable attorneys' fees, expenses and costs associated with enforcement of this Stipulated Protective Order.

7. *No Waiver.* Any disclosure of any portion of information protected by this Agreement shall not serve to waive any of the protections provided by this Agreement with respect to any other protected information.

June 7, 2007

OF COUNSEL

Gregg L. Zeff
Michael Ksiazek
FROST & ZEFF PC
7 North Columbus Blvd. Suite 2
Philadelphia, PA 19106-1422

/s/ Michael J. Logullo
Gilbert Shelsby (No. 2833)
gshelsby@mslde.com
Michael J. Logullo (No. 3851)
mlogullo@mslde.com
SHELSBY & LEONI
221 Main Street
Stanton, DE 19804
(302) 995-6210
(302) 995-6121 (fax)

*Attorneys for Plaintiff Wendell Gorum, Ph.D.*


June 7, 2007

OF COUNSEL

Robert L. Duston
Saul Ewing LLP
2600 Virginia Ave., NW
Suite 1000
Washington, DC 20037

/s/ Michael R. Robinson
Kimberly L. Gattuso (No. 3733)
kgattuso@saul.com
Michael R. Robinson (No. 4452)
mrobinson@saul.com
Saul Ewing LLP
222 Delaware Avenue
P.O. Box 1266
Wilmington, DE 19899
(302) 421-6800
(302) 421-5883 (fax)

*Attorneys for Defendants Allen Sessoms and Board of Trustees of Delaware State University*

## **ORDER**

Based on the foregoing stipulation, and good cause appearing therefore, IT IS SO ORDERED this ____ day of June, 2007.

_____
U.S. District Court Judge Sleet