IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WENDELL GORUM, Ph.D., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ALLEN L. SESSOMS, Ph.D., )<br>)<br>and )<br>)<br>BOARD OF TRUSTEES OF )<br>DELAWARE STATE UNIVERSITY, )<br>)<br>Defendants. ) | Civil Action No. 06-565-GMS |

**DEFENDANTS' PROPOSED FORM OF VERDICT**

Defendants Allen L. Sessoms, Ph. D. and the Board of Trustees of Delaware State University submit the following Proposed Form of Verdict to be submitted to the jury at the conclusion of trial in this matter.

1.  Do you find that Plaintiff Wendell Gorum has proven, by a preponderance of the evidence, that Allen L. Sessoms was aware of the one or more of the following protected activities by Defendant Wendell Gorum, *and* that Dr. Gorum's protected activities were a substantial or motivating factor in President Sessoms' April 15, 2005 recommendation to the DSU Board of Trustees that Dr. Gorum be terminated for his conduct involving grade adjustments in violation of DSU policies, rather than the lesser sanctions recommended by the Ad Hoc Dismissal Committee? Check "yes" or "no" for each activity.

    a.    When Dr. Gorum allegedly supported re-opening the search process for a new University President in March 2003, rather than recommend Dr. Sessoms or the other candidates that had been interviewed?

    \_\_\_\_ Yes     \_\_\_\_ No

    b.    When Dr. Gorum assisted a student, DeShaun Morris in 2003 during disciplinary hearings and in the student's lawsuit against the University?

    \_\_\_\_ Yes     \_\_\_\_ No

    c.    When Dr. Gorum allegedly directed an individual in Fall 2003 to revoke President Sessoms' invitation to be a speaker at an annual DSU Alpha Fraternity Alumni Breakfast?

    \_\_\_\_ Yes     \_\_\_\_ No

If your answer to any of these subparts to Question 1 is "Yes," then proceed to Question 2. If your answer to all subparts of Question 1 is "No," then you should not answer any other questions.

    2.    Do you find that Plaintiff Wendell Gorum has proven, by a preponderance of the evidence, that the April 15, 2005 recommendation made by Defendant Allen L. Sessoms to the DSU Board was an "adverse action," in that a reasonable employee would have found the challenged action materially adverse, and likely to chill a person of ordinary firmness in the exercise of their First Amendment rights?

    \_\_\_\_ Yes     \_\_\_\_ No

If your answer to Question 2 is "Yes," then proceed to Question 3. If your answer to Question 2 is "No," then you should not answer any other questions.

3. Do you find that the Defendant Allen L. Sessoms has proven, by a preponderance of the evidence, that he would have made the same recommendation of termination if Dr. Gorum had not engaged in the protected activities for which you marked "Yes" in response to Question 1?

\_\_\_\_ Yes    \_\_\_\_ No

If your answer to Question 3 is "No," then proceed to answer Question 4. If your answer to Question 3 is "Yes," then you should not answer any other questions.

4. Has Plaintiff Wendell Gorum proven, by a preponderance of the evidence, that he suffered damages as a direct and proximate cause of Defendant Allen L. Sessoms' April 15, 2005 recommendation of termination?

\_\_\_\_ Yes    \_\_\_\_ No

If your answer to Question 4 is "Yes," then proceed to Question 5. If your answer to Question 4 is "No," then you should not answer any other questions.

5. Do you find that the Defendants have proven, by a preponderance of the evidence, that Dr. Wendell Gorum failed to take reasonable efforts to mitigate his damages?

\_\_\_\_ Yes   \_\_\_\_ No

If your answer to Question 5 is "No," then proceed to Question 6. If your answer to Question 5 is "Yes," then you should not answer any other questions.

6.  What is the amount of compensatory damages that you award to Plaintiff Wendell Gorum for damages caused by President Allen L. Sessoms' recommendation?

$\_\_\_\_

7.

  a.  Do you find that Plaintiff Wendell Gorum has proven, by a preponderance of the evidence that when Defendant Allen L. Sessoms recommended the sanction of termination that he was either engaging in intentionally illegal or evil motive or intent, or was acting with reckless or callous indifference to Plaintiff Gorum's First Amendment rights?

  \_\_\_\_ Yes   \_\_\_\_ No

  b.  If your answer to Question 7(a) is "Yes" then you are permitted but not required to award punitive damages against Allen L. Sessoms individually. What amount of punitive damages, if any, do you award to Plaintiff Wendell Gorum and against Defendant Allen L. Sessoms?

  $\_\_\_\_

Respectfully submitted,


/s/ Michael R. Robinson
Kimberly L. Gattuso (DSBA No. 3733)
Michael R. Robinson (DSBA No. 4452)
SAUL EWING LLP
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899
(302) 421-6800

-and-

Robert L. Duston
SAUL EWING LLP
2600 Virginia Avenue, N.W.
Suite 1000
Washington, DC 20037-1922
(202) 333-8800
rduston@saul.com

*Counsel for Defendants Allen L. Sessoms, Ph.D. and the Board of Trustees of Delaware State University*

Dated: November 26, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WENDELL GORUM, Ph.D., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ALLEN L. SESSOMS, Ph.D., )<br>)<br>and )<br>)<br>BOARD OF TRUSTEES OF )<br>DELAWARE STATE UNIVERSITY, )<br>)<br>Defendants. ) | Civil Action No. 06-565-GMS |

## CERTIFICATE OF SERVICE

I, Michael R. Robinson, hereby certify that on November 26, 2007 I caused a true and correct copy of the foregoing DEFENDANTS' PROPOSED FORM OF VERDICT to be served electronically via CM/ECF system and first class, U.S. Mail, postage prepaid, upon the following:

Gilbert Shelsby, Esq.  
Michael J. Logullo, Esq.  
SHELSBY & LEONI  
221 Main Street  
Stanton, DE 19804

Gregg L. Zeff, Esq.  
FROST & ZEFF  
Pier 5 at Penn's Landing  
7 North Columbus Boulevard  
Philadelphia, PA 19106

/s/ Michael R. Robinson  
Michael R. Robinson (#4452)  
SAUL EWING LLP  
222 Delaware Avenue, Suite 1200  
P.O. Box 1266  
Wilmington, Delaware 19899-1266  
(302) 421-6800 phone  
(302) 421-6813 fax  
mrobinson@saul.com