## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

WENDELL GORUM, Ph.D.,               )
                                    )
            Plaintiff,              )
                                    )        Civil Action No. 06-565-GMS
        v.                          )
                                    )
ALLEN L. SESSOMS, Ph.D.,            )
                                    )
        and                         )
                                    )
BOARD OF TRUSTEES OF                )
DELAWARE STATE UNIVERSITY,          )
                                    )
            Defendants.             )

## [PROPOSED] JURY INSTRUCTIONS

Gilbert Shelsby (DSBA No. 2833)
Michael J. Logullo (No. 3851)
SHELSBY & LEONI
221 Main Street
Stanton, DE  19804
mlogullo@mslde.com
(302) 995-6210

    -and-

Gregg L. Zeff
Frost & Zeff
Pier 5 at Penn's Landing
7 North Columbus Boulevard
Philadelphia, PA 19106

*Counsel for Plaintiff Wendell S. Gorum, Ph.D.*

Kimberly L. Gattuso (DSBA No. 3733)
Michael R. Robinson (DSBA No. 4452)
SAUL EWING LLP
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE  19899
(302) 421-6800

    -and-

Robert L. Duston
SAUL EWING LLP
2600 Virginia Avenue, N.W.
Suite 1000
Washington, DC 20037-1922
(202) 333-8800
rduston@saul.com

*Counsel for Defendants Allen L. Sessoms, Ph.D. and the Board of Trustees of Delaware State University*

Dated:  November 26, 2007

# TABLE OF CONTENTS

Page

PROPOSED JURY INSTRUCTION NO. 1 - INTRODUCTION .......................................1

PROPOSED JURY INSTRUCTION NO. 2 - PROVINCE OF THE COURT
    AND JURY.......................................................................................................2

PROPOSED JURY INSTRUCTION NO. 3 - THE PARTIES AND THEIR
    CONTENTIONS..............................................................................................3

PROPOSED JURY INSTRUCTION NO. 4 - EVIDENCE DEFINED ..............................5

PROPOSED JURY INSTRUCTION NO. 5 - DIRECT AND CIRCUMSTANTIAL
    EVIDENCE......................................................................................................6

PROPOSED JURY INSTRUCTION NO. 6 - CONSIDERATION OF EVIDENCE...........7

PROPOSED JURY INSTRUCTION NO. 7 - STATEMENTS OF COUNSEL..................8

PROPOSED JURY INSTRUCTION NO. 8 - CREDIBILITY OF WITNESSES...............9

PROPOSED JURY INSTRUCTION NO. 9 - NUMBER OF WITNESSES......................11

PROPOSED JURY INSTRUCTION NO. 10 - BURDEN OF PROOF;
    PREPONDERANCE OF THE EVIDENCE ............................................................12

PROPOSED JURY INSTRUCTION NO. 11 SECTION 1983..............................................14

PROPOSED JURY INSTRUCTION NO. 12 - INDIVIDUALS—QUALIFIED
    IMMUNITY ...................................................................................................15

PROPOSED JURY INSTRUCTION NO. 13 - ESSENTIAL ELEMENTS OF
    PLAINTIFF'S CLAIMS..........................................................................................16

PROPOSED JURY INSTRUCTION NO. 14 - PROTECTED ACTIVITY ........................18

PROPOSED JURY INSTRUCTION NO. 15 - ACTION UNDER COLOR OF
    STATE LAW IS NOT IN DISPUTE.......................................................................19

PROPOSED JURY INSTRUCTION NO. 16 - SUBSTANTIAL OR MOTIVATING
    FACTOR.........................................................................................................20

PROPOSED JURY INSTRUCTION NO. 17 - KNOWLEDGE OF PROTECTED
    ACTIVITY......................................................................................................21

PROPOSED JURY INSTRUCTION NO. 18 - AFFIRMATIVE DEFENSE – SAME
    ACTION ........................................................................................................22

PROPOSED JURY INSTRUCTION NO. 19 - COMPENSATORY
DAMAGES — §1983................................................................................23

PROPOSED JURY INSTRUCTION NO. 20 - PROXIMATE CAUSE...............................25

PROPOSED JURY INSTRUCTION NO. 21 - SPECULATIVE DAMAGES....................26

PROPOSED JURY INSTRUCTION NO. 22 - ECONOMIC DAMAGES—
CALCULATION OF LOST WAGES AND BENEFITS .........................................27

PROPOSED JURY INSTRUCTION NO. 23 - AFFIRMATIVE DEFENSE -
MITIGATION OF DAMAGES.................................................................28

PROPOSED JURY INSTRUCTION NO. 24 - PUNITIVE DAMAGES .............................29

PROPOSED JURY INSTRUCTION NO. 25 - EFFECT OF INSTRUCTION AS
TO DAMAGES ..................................................................................30

PROPOSED JURY INSTRUCTION NO. 26 - DELIBERATION AND VERDICT...........31

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 1 – STATE
EMPLOYERS—ABSOLUTE IMMUNITY ............................................................34

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 2 – ACTIVITIES
THAT ARE NOT PROTECTED ACTIVITIES........................................................36

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 3 - ADVERSE ACTION .......37

## [PROPOSED] JURY INSTRUCTIONS

Plaintiff Wendell Gorum, Ph.D. ("Dr. Gorum") and Defendants Allen L. Sessoms, Ph.D. and the Board of Trustees of Delaware State University ("Defendants") hereby respectfully submit the following agreed jury instructions.  In addition, Defendants respectfully submit proposed jury instructions, upon which the parties could not agree.  The parties hereto respectfully reserve the right to request any additional instructions which may be required by developments in the evidence hereinafter presented, and based upon the Court's rulings on Defendants' pending Motion for Summary Judgment and the Motions *in Limine*, submitted on this date.

## PROPOSED JURY INSTRUCTION NO. 1

### INTRODUCTION[1]

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

Each of you has been provided a copy of these instructions. You may read along as I deliver them if you prefer, however, I would encourage you to focus your attention on me while the instructions are being read. You will be able to take your copies with you into your deliberations and refer to them at that time, if necessary.

I will start by explaining your duties and the general rules that apply in every civil case.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

I will explain the positions of the parties and the law you will apply in this case.

Finally, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

---

[1]    **Source of Authority**: Sample Miscellaneous Jury Instructions from the Court's website, revised 1/18/2006 (http://www.ded.uscourts.gov/GMSmain.htm).

## PROPOSED JURY INSTRUCTION NO. 2

### PROVINCE OF THE COURT AND JURY[2]

Members of the Jury, it is important that you bear in mind the distinction between your duties and my duties. You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. You are the sole judges of the facts. It is your judgment, and your judgment alone, to determine what the facts are, and nothing I have said or done during this trial was meant to influence your decisions about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, by a preponderance of the evidence, the defendants are liable.

Now, as far as my duty is concerned, I have the duty of advising you about the law that you should apply to the facts as you find them. You are not to consider whether the principles I state to you are sound or whether they accord with your own views about policy. You are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. You must accept them despite how you feel about their wisdom. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

---

[2] **Source of Authority**: Sample Miscellaneous Jury Instructions from the Court's website, revised 1/18/2006 (http://www.ded.uscourts.gov/GMSmain.htm).

## PROPOSED JURY INSTRUCTION NO. 3

## THE PARTIES AND THEIR CONTENTIONS

The parties in this case are the plaintiff, Dr. Wendell Gorum, and the defendants, Dr. Allen

L. Sessoms, the President of Delaware State University, [and the Board of Trustees of Delaware

State University].

In this case, the plaintiff, Dr. Gorum, alleges that he exercised his First Amendment

constitutional rights to speech in three situations: when he recommended reopening the search

for a new University President while Dr. Sessoms was being considered for the position; when

he assisted a student, DeShaun Morris, during disciplinary hearings and in the student's lawsuit

against the University; and when he directed an individual to revoke President Sessoms'

invitation to the annual DSU Alpha Fraternity Alumni Breakfast. He further asserts that, in

retaliation for his conduct, Defendant President Sessoms wrongfully recommended to the Board

of Trustees that Dr. Gorum's employment be terminated. Dr. Gorum does not claim that the

Board of Trustees violated his rights when it ultimately decided to terminate Dr. Gorum; the

Board is in this lawsuit for purely procedural purposes. Dr. Gorum is only complaining about

the actions of President Sessoms. President Sessoms is being sued in his official capacity as a

public official for injunctive relief. He is also being sued personally for damages.

The defendants contend that none of the conduct alleged by Dr. Gorum is "protected

activity" under the First Amendment. It is my job to determine whether any of Dr. Gorum's

activities are protected under the First Amendment, and I will instruct you shortly on which

activities I have concluded are protected.

President Sessoms denies that his recommendation of termination was because of the

conduct Dr. Gorum claims is constitutionally protected. President Sessoms says that he did not

even know that Dr. Gorum had engaged in such conduct, and that he recommended termination because Dr. Gorum had committed serious violations of DSU policies and procedures in changing and adjusting grades of students in classes taught by other professors.

## PROPOSED JURY INSTRUCTION NO. 4

### EVIDENCE DEFINED[3]

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations to which the lawyers agreed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. The arguments of the lawyers are offered solely as an aid to help you in your determination of the facts. Their questions and objections are not evidence. My legal rulings are not evidence. My comments and questions are not evidence.

During the trial I may have not let you hear the answers to some of the questions the lawyers asked. I may also have ruled that you could not see some of the exhibits that the lawyers wanted you to see. You must completely ignore all of these things. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

---

[3]    **Source of Authority**: Sample Miscellaneous Jury Instructions from the Court's website, revised 1/18/2006 (http://www.ded.uscourts.gov/GMSmain.htm).

## PROPOSED JURY INSTRUCTION NO. 5

## DIRECT AND CIRCUMSTANTIAL EVIDENCE[4]

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness who observed firsthand what occurred and which, if you believe it, directly proves a fact. If a witness testified that she saw it raining outside, and you believed her, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, nor does it way that one is any better than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

---

[4]    **Source of Authority**:  Sample Miscellaneous Jury Instructions from the Court's website, revised 1/18/2006 (http://www.ded.uscourts.gov/GMSmain.htm).

## PROPOSED JURY INSTRUCTION NO. 6

### CONSIDERATION OF EVIDENCE[5]

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

---

[5] **Source of Authority**: Sample Miscellaneous Jury Instructions from the Court's website, revised 1/18/2006 (http://www.ded.uscourts.gov/GMSmain.htm).

## PROPOSED JURY INSTRUCTION NO. 7

## STATEMENTS OF COUNSEL[6]

A further word about statements and arguments of counsel. The attorneys' statements and arguments are not evidence. Instead, their statements and arguments are intended to help you review the evidence presented. If you remember the evidence differently from the attorneys, you should rely on your own recollection.

The role of attorneys is to zealously and effectively advance the claims of the parties they represent within the bounds of the law. An attorney may argue all reasonable conclusions from evidence in the record. It is not proper, however, for an attorney to state an opinion as to the truth or falsity of any testimony or evidence. What an attorney personally thinks or believes about the testimony or evidence in a case is not relevant, and you are instructed to disregard any personal opinion or belief concerning testimony or evidence that an attorney has offered during opening or closing statements, or at any other time during the course of the trial.

---

[6]    **Source of Authority**: Sample Miscellaneous Jury Instructions from the Court's website, revised 1/18/2006 (http://www.ded.uscourts.gov/GMSmain.htm).

## PROPOSED JURY INSTRUCTION NO. 8

### CREDIBILITY OF WITNESSES[7]

You are the sole judges of each witness' credibility. You should consider each witness' means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness' biases, prejudices, or interests; the witness' manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

If you find the testimony to be contradictory, you must try to reconcile it, if reasonably possible, so as to make one harmonious story of it all. But if you can't do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that, in your judgment, is not believable.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there is evidence tending to prove that the witness testified falsely about some important fact, or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something that was different from the testimony he or she gave at trial. You have the right to distrust such witness' testimony in other particulars and you may reject all or some of the testimony of that witness or give it such credibility as you may think it deserves.

You should remember that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth. People may tend to forget some things or remember other things inaccurately. If a witness has made a misstatement, you must consider whether it was

---

[7]     **Source of Authority**: Sample Miscellaneous Jury Instructions from the Court's website,

simply an innocent lapse of memory or an intentional falsehood, and that may depend upon whether it concerns an important fact or an unimportant detail.

This instruction applies to all witnesses.

revised 1/18/2006 (http://www.ded.uscourts.gov/GMSmain.htm).

## PROPOSED JURY INSTRUCTION NO. 9

### NUMBER OF WITNESSES[8]

One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters at issue in this trial.  Nor does the law require any party to produce as exhibits all paper, documents, or objects mentioned in the evidence of the case.

---

[8]  **Source of Authority**:  Sample Miscellaneous Jury Instructions from the Court's website, revised 1/18/2006 (http://www.ded.uscourts.gov/GMSmain.htm)(modified).

## PROPOSED JURY INSTRUCTION NO. 10

### BURDEN OF PROOF; PREPONDERANCE OF THE EVIDENCE[9]

This is a civil case. Plaintiff has the burden of proving every essential element of his claims and damages by what is called a preponderance of the evidence. To establish something by a preponderance of the evidence means to prove that something is more likely true than not. To find that a party has proven something by a preponderance of the evidence, you must conclude that evidence, when compared to the evidence opposed to it, has the more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not.

Preponderance of the evidence does not depend on the number of witnesses, but upon the weight of the testimony. If the evidence as to a particular element or issue is evenly balanced, the party has not proved the element by a preponderance of the evidence and you must find against that party. In determining whether any fact in issue has been proven by plaintiff, you may consider the testimony of all witnesses, regardless of who may have called them and all exhibits received into evidence, regardless of who produced them.

Those of you who are familiar with criminal cases will have heard the term proof beyond a reasonable doubt. That burden does not apply in a civil case and you should therefore put it out of your mind in considering whether or not plaintiff has met his burden of proof on various issues.

Since plaintiff, in order to recover, must prove every element of his case by a preponderance of the evidence, I instruct you that if you find the evidence in this case to be equally balanced so that the resolution of the liability issue is as reasonable or as likely to be

---

[9]    **Source of Authority**:  Sample Miscellaneous Jury Instructions from the Court's website,

right under the defendants' version as under the plaintiff's version, or that plaintiff has not met his burden on every element of his case, then you must conclude that the plaintiff has failed to sustain his burden of proof and your decision must be resolved in favor of the defendants.

If you have found that Plaintiff has proved each element of his case by a preponderance of the evidence, you must then consider several affirmative defenses that have been raised by the defendants. Defendants have the burden of proving these defenses by a preponderance of the evidence. I will instruct you which defenses are affirmative defenses. If you find that Plaintiff has proved all the elements of his case, and that Defendants have failed to prove any of their affirmative defenses, then your decision must be resolved in favor of the plaintiff.

---

revised 1/18/2006 (http://www.ded.uscourts.gov/GMSmain.htm)(modified).

## PROPOSED JURY INSTRUCTION NO. 11

### SECTION 1983[10]

Dr. Gorum is suing under Section 1983, a civil rights law passed by Congress that provides a remedy to persons who have been deprived of their federal constitutional rights under color of state law.

The First Amendment to the United States Constitution gives persons a right to freedom of speech. Government employees have a limited right to engage in free speech on matters of public importance, and government employers must nor retaliate against their employees for exercising this right.

---

[10]    **Source of Authority:** *Model Jury Instructions (Civil) Third Circuit* § 4.1 (2007); *Model Jury Instructions (Civil) Third Circuit* § 7.4 (2007) (modified).

## PROPOSED JURY INSTRUCTION NO. 12

## INDIVIDUALS—QUALIFIED IMMUNITY[11]

Government officials performing discretionary functions are protected by qualified immunity against an award of civil damages insofar as their conduct does not violate any clearly established federal statutory or constitutional rights of which a reasonable person would have known.  Qualified immunity extends only to government officials in their individual capacities.

I have determined that President Sessoms has such qualified immunity.  It is for the Court, not the jury, to determine whether President Sessoms has lost his qualified immunity.

*[**Note**:  Under Third Circuit precedent, determining the existence of a clearly established right and the objective reasonableness of the defendant's actions are questions of law for the court to decide, but any disputed issues of historical fact relevant to the Court's determination must be submitted to the jury.  Curley v. Klem, 298 F.3d 271, 279 (3d Cir. 2002).  Therefore, if this case is not dismissed before submission to the jury, the Court must identify what factual issues, if any, the court wishes to be  included in special jury interrogatories in order to enable the Court to make the final determination.]*

---

[11]   **Source of Authority:** *Anderson v. Creighton*, 483 U.S. 635, 639 (1987); *see also Harlow v. Fitzgerald*, 457 U.S. 800 (1982); *Curley v. Klem*, 298 F.3d 271, 279 (3d Cir. 2002); *Pro v. Donatucci,* 81 F.3d 1283, 1286 (3rd Cir. 1996).

## PROPOSED JURY INSTRUCTION NO. 13

### ESSENTIAL ELEMENTS OF PLAINTIFF'S CLAIMS[12]

To prevail on his claim of retaliation under Section 1983, Plaintiff Gorum must prove by a preponderance of the evidence:

**First**: that Plaintiff Gorum engaged in activity protected by the First Amendment and I will charge you shortly on that activities in this case are protected activities;

**Second**: that Defendant Sessoms took action that was adverse to Dr. Gorum;

**Third**: that Defendant Sessoms' actions were "under color" of authority of state law or custom; and

**Fourth**: that Plaintiff Gorum's protected First Amendment activity was a substantial or motivating factor in Defendant Sessoms' decision to take adverse action;

**Fifth**: that Defendant Sessoms' actions were the proximate or legal cause of damages sustained by Plaintiff Gorum.

If the Plaintiff has proven each of these elements by a preponderance of the evidence, then you must return a verdict for him. If he has not proven each of these elements, then you must find for the Defendants.

The final element of Plaintiff Gorum's case is to prove that he suffered damages as a proximate result of some adverse action taken by Defendant Sessoms in retaliation for Dr. Gorum's protected activities. If you do not find that Plaintiff Gorum has met his burden of proof on the other elements of his claim, you do not need to reach the issue of damages. If you do

---

[12]     **Source of Authority:** *Model Jury Instructions (Civil) Third Circuit* § 7.4 (2007) (modified); *Model Jury Instructions (Civil) Third Circuit* § 4.3 (2007) (modified); *Mt. Healthy City Sch. Dist. Bd. Of Ed. v. Doyle*, 429 U.S. 274, 287, 97 S. Ct. 568, 576 (1977); *Baldassare v. New Jersey*, 250 F.3d 188 (3d Cir. 2001); *Schneck v. Saucon Valley Sch. Dist.*, 340 F. Supp. 2d 558, 568 (E.D. Pa. 2004).

reach the issue of damages, you can only consider damages that were caused by Defendant

Sessoms' actions in recommending Dr. Gorum's termination to the Board of Trustees on April

14, 2005.

      I will now give you some more detailed instructions on these elements, as well as one

affirmative defense raised by Defendants.

## PROPOSED JURY INSTRUCTION NO. 14

### PROTECTED ACTIVITY[13]

In this case, Dr. Gorum claims that he exercised his First Amendment Constitutional rights to speech when he recommended reopening the search for a new University President while Dr. Sessoms was being considered for the position; when he assisted a student, DeShaun Morris, during disciplinary hearings and in the student's lawsuit against the University; and when he directed an individual to revoke President Sessoms' invitation to the annual DSU Alpha Fraternity Alumni Breakfast.

It is my duty to instruct you on whether plaintiff engaged in activity that was protected by the First Amendment. In this case, I instruct you that the following activities alleged by Dr. Gorum, if you find that they occurred as claimed by Dr. Gorum, were protected by the First Amendment:

> [*Court to insert and describe which activities are "protected."*.]

In the rest of these instructions, I will refer to these events as "plaintiff's protected activity." The factual details of some of these activities are in dispute. These activities are protected under the First Amendment only if you find that Dr. Gorum said or did the actions that he claims. If you find that Dr. Gorum did not say or do what he alleges, then it is not a protected activity, and may not be considered in the rest of your analysis.

---

[13]    **Source of Authority:** *Model Jury Instructions (Civil) Third Circuit* § 7.4 (2007) (modified).

**PROPOSED JURY INSTRUCTION NO. 15**

**ACTION UNDER COLOR OF STATE LAW IS NOT IN DISPUTE**[14]

Because Defendant Sessoms was an official of the state of Delaware at the relevant time,

I instruct you that he was acting under color of state law.  In other words, this element of

plaintiff's claim is not in dispute, and you must find that this element has been established.

---

[14]     **Source of Authority:** *Model Jury Instructions (Civil) Third Circuit* §4.4.1 (2007).

## PROPOSED JURY INSTRUCTION NO. 16

## SUBSTANTIAL OR MOTIVATING FACTOR[15]

In showing that Dr. Gorum's protected activity was a motivating factor for Defendant Sessoms' action, plaintiff is not required to prove that his protected activity was the sole motivation for President Sessoms recommendation. Dr. Gorum, however, must prove that his protected activity was a substantial or motivating factor in President Sessoms' decision to recommend to the Board of Trustees that he be terminated, rather than the lesser sanctions recommended by the Ad Hoc Dismissal Committee.

---

[15]     **Source of Authority:** *Model Jury Instructions (Civil) Third Circuit* § 7.4 (2007) (modified); *Hill v. Borough of Kutztown*, 455 F.3d 225, 241 (3d Cir. 2006); *Watters v. City of Philadelphia*, 55 F.3d 886, 892 (3d Cir. 1995).

## PROPOSED JURY INSTRUCTION NO. 17

## KNOWLEDGE OF PROTECTED ACTIVITY[16]

In order for protected conduct to be a substantial or motivating factor in a decision, the decision maker must be aware of the protected conduct. It is Dr. Gorum's burden to prove, by a preponderance of the evidence, that President Sessoms was aware of Dr. Gorum's protected activity at the time he made his recommendation to the Board of Trustees. Dr. Gorum can meet his burden through both direct and circumstantial evidence. However, it is not enough that President Sessoms had general knowledge of an incident; he must have had actual knowledge of the actions by Dr. Gorum that I have told you are protected activities.

Dr. Gorum cannot meet his burden of proof simply by showing that other current or former DSU employees had knowledge of Dr. Gorum's protected activity. Allen Sessoms is being sued individually, not just in his capacity as President, so this is not a case where the knowledge of other corporate employees can be imputed to the President. Nor is it sufficient to show that information was publicly available. It is your job to weigh all of the evidence, including President Sessoms' denial, in deciding whether Dr. Gorum has met his burden of proving that President Sessoms had actual knowledge of Dr. Gorum's protected activities.

---

[16]    **Source of Authority:** *Ambrose v. Township of Robinson*, 303 F.3d 488, 493 (3d Cir. 2002); *Geraci v. Moody-Tottrup, Int'l*, 82 F.3d 578 (3d Cir. 1996)(requiring actual, not imputed, knowledge of protected characteristic under Title VII); *Laskaris v. Thornburgh*, 733 F.2d 260, 264 (3d Cir. 1984)(actual knowledge of political affiliation is a predicate to finding that an adverse action was motivated by retaliation), *cert. denied* 469 U.S. 886 (1984); *Stephens v. Kerrigan*, 122 F.3d 171, 178 (3d Cir. 1997)(same); *Keenan v. City of Phila.*, 983 F.2d 459, 466 (3d Cir. 1992)(a plaintiff must produce evidence sufficient to show that the defendant knows of plaintiff's protected activity).

**PROPOSED JURY INSTRUCTION NO. 18**

**AFFIRMATIVE DEFENSE – SAME ACTION**[17]

Defendant Sessoms argues that he would have made the same decision to recommend plaintiff's termination whether or not plaintiff had engaged in the protected activity. If Defendant Sessoms proves by a preponderance of the evidence that he would have made the same recommendation of termination even if Dr. Gorum had not engaged in the protected activity, then your verdict must be for Defendants on this claim, and you do not need to reach the issue of damages.

---

[17]    **Source of Authority:** *Model Jury Instructions (Civil) Third Circuit* § 7.4 (2007); *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977).

## PROPOSED JURY INSTRUCTION NO. 19

## COMPENSATORY DAMAGES — §1983[18]

I am now going to instruct you on damages. Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not defendants should be held liable.

If you find defendants liable, then you must consider the issue of compensatory damages. You must award plaintiff an amount that will fairly compensate him for any injury he actually sustained as a result of defendant's conduct.

Plaintiff must show that the injury would not have occurred without defendant's act. Plaintiff must also show that defendant's act played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of defendant's act.

There can be more than one cause of an injury. To find that defendant's act caused plaintiff's injury, you need not find that defendant's act was the nearest cause, either in time or space. However, if plaintiff's injury was caused by a later, independent event that intervened between defendant's act and plaintiff's injury, defendant is not liable unless the injury was reasonably foreseeable by defendant.

Compensatory damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence. Plaintiff has the burden of proving compensatory damages by a preponderance of the evidence.

I have already ruled that as a matter of law Allen Sessoms cannot be held liable under Section 1983 for the actions of the Board of Trustees, including the Board's termination of Dr.

---

[18]    **Source of Authority:** *Model Jury Instructions (Civil) Third Circuit* § 4.8.1 (2007).

Gorum. Therefore, in determining the amount of any compensatory damages, you cannot take into consideration the economic or other consequences of the termination, and must limit yourself to the consequences of the recommendations.

Plaintiff claims the following items of damages:

•    Emotional and mental harm to plaintiff during and after the events at issue, including fear, humiliation, and mental anguish, and any such emotional and mental harm that plaintiff is reasonably certain to experience in the future, and injury to his professional reputation.

In assessing damages, you must not consider attorney fees or the costs of litigating this case. Attorney fees and costs, if relevant at all, are for the court and not the jury to determine. Therefore, attorney fees and costs should play no part in your calculation of any damages.

## PROPOSED JURY INSTRUCTION NO. 20

### PROXIMATE CAUSE[19]

You may award damages only for harm that Dr. Gorum proves was proximately caused by President Sessoms' action in recommending Dr. Gorum's termination to the Board of Trustees.

Damage is proximately caused by an act whenever it appears from the evidence that the act played a substantial part in bringing about or actually causing the damage, and that the damage was either a direct result or a reasonably probable consequence of the act.

If there was an alternate or intervening cause of Dr. Gorum's harm, then that harm was not proximately caused by President Sessoms' actions, and you cannot award damages to Dr. Gorum for that harm. An intervening cause is a new and independent act, itself a proximate cause of a result, breaking the causal connection between the original wrong and the result.

The "original wrong" alleged by Dr. Gorum here is Dr. Sessoms' recommendation to the Board of Trustees to terminate Dr. Gorum, and the alleged result of that recommendation is Dr. Gorum's termination. It is undisputed that the Board of Trustees, not Dr. Sessoms, was the only entity that could actually terminate Dr. Gorum's employment from DSU. Accordingly, if you find that the Board of Trustees would have terminated Dr. Gorum, regardless of the sanction recommended by Dr. Sessoms, the action of the Board was an intervening cause, and Dr. Sessoms cannot be held legally responsible for Dr. Gorum's termination.

---

[19]    **Source of Authority:** O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, No. 120.60 and 120.63 (modified).

**PROPOSED JURY INSTRUCTION NO. 21**

**SPECULATIVE DAMAGES**[20]

Damages must be reasonable. If you should find that Dr. Gorum is entitled to a verdict, you may award him only such damages as will reasonably compensate him for such damages as you find, from a preponderance of the evidence in the case, that he has sustained as a proximate result of Dr. Sessoms' retaliatory action.

You are not permitted to award speculative damages. So, you are not to include in any verdict compensation for any prospective loss that, although possible, is not reasonably certain to occur in the future.

---

[20]    **Source of Authority:** O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, No. 128.60 (modified); *Eckerd v. Indian River School Dist.,* 475 F.Supp. 1350 (D. Del., 1979).

## PROPOSED JURY INSTRUCTION NO. 22

## ECONOMIC DAMAGES—CALCULATION OF LOST WAGES AND BENEFITS[21]

In calculating a damages award, you must consider the expected future damages caused by Dr. Sessoms' wrongful conduct from the date of judgment to the date of Dr. Gorum's anticipated retirement. Dr. Gorum cannot recover damages for any periods after his anticipated retirement date.

---

[21]    **Source of Authority:** *Blum v. Witco Chemical Corp.*, 829 F.2d 367, 373-74 (3d Cir. 1987). This instruction is to be used only if the Court determines that Dr. Gorum can seek damages arising from his termination.

## PROPOSED JURY INSTRUCTION NO. 23

### AFFIRMATIVE DEFENSE - MITIGATION OF DAMAGES[22]

Each plaintiff has a duty under the law to "mitigate" his or her damages—that means that the plaintiff must take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage caused by the defendant. It is defendant's burden to prove that plaintiff has failed to mitigate. So if defendant persuades you by a preponderance of the evidence that plaintiff failed to take advantage of an opportunity that was reasonably available to him, then you must reduce the amount of plaintiff's damages by the amount that could have been reasonably obtained if he had taken advantage of such an opportunity.

---

[22]    **Source of Authority:** *Model Jury Instructions (Civil) Third Circuit* § 4.8.1 (2007).

-28-

**PROPOSED JURY INSTRUCTION NO. 24**

**PUNITIVE DAMAGES**[23]

To award punitive damages to Dr. Gorum, you must first find that that Allen Sessoms

was acting in his individual capacity, rather than in his capacity as a public official.  Then you

must find that Allen Sessoms acted, at a minimum, with reckless or callous indifference to

Dr. Gorum's Constitutional rights.  Punitive damages may also be awarded if Allen Sessoms'

conduct was intentional or motivated by evil motive to violate Dr. Gorum's Constitutional rights,

but his action need not necessarily meet this higher standard.

---

[23]     **Source of Authority:** *Smith v. Wade*, 461 U.S. 30 (1983); *Savarese v. Agriss*, 883 F.2d
1194, 1204 (3d Cir. 1989).

## PROPOSED JURY INSTRUCTION NO. 25

### EFFECT OF INSTRUCTION AS TO DAMAGES[24]

The fact that I have instructed you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of the plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

---

[24]   **Source of Authority:** O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, No. 106.02.

## PROPOSED JURY INSTRUCTION NO. 26

## DELIBERATION AND VERDICT[25]

Let me conclude these proceedings by explaining some things about your deliberations in the jury room, and your possible verdicts. How you conduct your deliberations is up to you. But, however you conduct those deliberations, please remember that your verdict must represent the considered judgment of each juror.

It is your duty, as jurors, to consult with one another and to deliberate with a view toward reaching an agreement, if you can do so without violence to your individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because the opinion of your fellow jurors, or forth the purpose of returning a verdict. Remember at all times that you are not partisans. You are judges — judges of the facts, not me. Your sole interest is to seek the truth from the evidence in that case. Your verdict must represent the considered judgment of each juror. In order for you as a jury to return a verdict, it is necessary that each juror agree to the verdict. Your verdict must be unanimous.

A form of special verdict has been prepared for your convenience. You will take this form to the jury room. [**Read special verdict form.**]

You will note that each of the interrogatories or questions calls for a "Yes" or "No" answer. The answer to each question must be the unanimous answer of the jury. You will write

---

[25] **Source of Authority**: Sample Miscellaneous Jury Instructions from the Court's website, revised 1/18/2006 (http://www.ded.uscourts.gov/GMSmain.htm); O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, No. 106.05.

the unanimous answer of the jury in the space provided opposite each question. As you will note from the wording of the questions, it will not be necessary to consider or answer some questions depending on your answers to other questions. After completing the form, the foreperson will then date and sign the special verdict as so completed. You will then return to the courtroom, your foreperson will give the form to my Deputy Clerk.

It is proper to add the caution that nothing said in these instructions, and nothing in the form of a verdict, is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

That concludes the part of my instructions explaining the rules for considering the testimony and evidence. Now let me finish up by explaining how you may communicate questions or messages to the court.

Once you start deliberating, do not talk to the Jury Officer, to my Deputy Clerk, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the Jury Officer. The question will be given to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you. Any questions or messages normally should be sent to me through the foreperson, who by custom of this court is juror Number 1.

One more thing about messages. Do not ever write down or tell anyone else how you stand on your votes. For example, do not write down or tell anyone else that you are split 6-2, or 4-4, or whatever your vote happens to be. That should stay secret until you are finished.

Let me finish by repeating something I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in favor of either party. You must decide the case yourselves based on the evidence presented.

# DEFENDANTS' PROPOSED JURY INSTRUCTIONS

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 1

### STATE EMPLOYERS—ABSOLUTE IMMUNITY[26]

Section 1983 does not authorize lawsuits against states, since states are not " persons" within the statute's meaning. A lawsuit against a state official in his or her official capacity is a suit against the state, and thus, is barred under §1983.

The Board of Trustees of Delaware State University is a party in this case only because, depending on your verdict and issues I must decide, if I, as the Judge, find that reinstatement to his former position is the appropriate remedy, the Board of Trustees is the only party that can reinstate Dr. Gorum. Dr. Gorum stated before trial that he is not claiming that the members of the Board of Trustees, or any DSU employee besides Dr. Sessoms, committed any act in retaliation against Dr. Gorum for protected activity.

President Sessoms, to the extent he was acting in his capacity as a state official, can only be sued for injunctive relief. He cannot be sued—acting as President of a state university—for monetary damages.

You may only award monetary damages to Dr. Gorum for wrongful actions taken by Allen Sessoms in his *individual* capacity. Dr. Gorum has chosen to seek damages from Allen

---

[26]     This Instruction is being submitted by Defendants.

**Source of Authority:** *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); Fed. R. Evid. 411; *Larez v. Holcomb*, 16 F.3d 1513, 1518 (9th Cir. 1994) (evidence of insurance or other indemnification is not admissible on the issue of damages, and, should any such information reach the ears of the jurors, the court should issue a curative instruction); *Griffin v. Hilke*, 804 F.2d 1052, 1057 (8th Cir. 1986)(testimony or argument concerning the defendant's insurance or indemnity protection is inadmissible on grounds that it will result in an unduly generous award of damages by the jury), *cert. denied*, 482 U.S. 914 (1987).

Sessoms personally, by claiming that President Sessoms committed Constitutional violations that resulted in the loss of qualified immunity.

In deciding whether to award damages, you are not to speculate whether or not there is any agreement or policy that addresses whether Allen Sessoms will have to personally pay those damages. No evidence was submitted regarding possible indemnification, nor would it have been appropriate or admissible evidence. Because the U.S. Constitution grants complete immunity to State institutions on such claims, you must assume, for purposes of your deliberations, that Delaware State University will not be obligated to pay any damages, and that any damages you award will have to be paid by Allen Sessoms personally.

PLAINTIFF'S OBJECTIONS

Plaintiff objects to the entirety of this proposed instruction.

1.      Plaintiff agrees that the DSU Board is in this case as a Defendant solely to effectuate injunctive relief, and suggests that while DSU should remain as a party, the jury should not be told they are a defendant.

2.      Plaintiff objects to the remained of the instruction.

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 2

## ACTIVITIES THAT ARE NOT PROTECTED ACTIVITIES[27]

*(SUPPLEMENTAL CONDITIONAL INSTRUCTION IF THE COURT DOES NOT DETERMINE WHAT ARE PROTECTED ACTIVITIES UNTIL THE CLOSE OF THE EVIDENCE, AND THEN FINDS THAT SOME BUT NOT ALL OF THE ACTIONS CITED BY PLAINTIFF ARE PROTECTED)*

You have heard testimony and argument regarding other activities that Dr. Gorum claimed were protected, and that were a motivating factor in President Sessoms recommendation. Because I have found that those activities were not protected under the First Amendment, even if you conclude that those activities were a motivating factor in President Sessoms' recommendation, you cannot find in Dr. Gorum's favor based on those actions. In evaluating whether Dr. Gorum has been his burden of proof, you must consider only those actions that I have ruled were protected.

## PLAINTIFF'S OBJECTION

Plaintiff objects that this instruction will not be necessary if the Court either decides what are the protected activities before trial, and because Plaintiff expects the Court to find that all three activities are protected. But if both conditions do not happed, and the jury has heard argument or testimony on activities the Court later rules are not protected, Plaintiff has no objection to the wording of this instruction.

---

[27]     This Instruction is being submitted by Defendants solely.

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 3

## ADVERSE ACTION[28]

Dr. Gorum must show he suffered an adverse action, demonstrating that a reasonable employee would have found the challenged action materially adverse, which in this context means it is likely to chill a person of ordinary firmness in the exercise of their First Amendment rights. Not every critical comment—or series of comments—made by an employer to an employee provides a basis for a claim that the employee has been deprived of his Constitutional rights. Criticism, verbal reprimands, or even false allegations are not sufficient to have deterred a person of ordinary firmness from exercising his First Amendment rights.

The only action that Dr. Gorum claims that President Sessoms took in retaliation for Dr. Gorum's protected activities is the April 14, 2005 letter that President Sessoms gave to the Board of Trustees, in which he recommended that Dr. Gorum be terminated instead of given a lower sanction, and similar comments that President Sessoms made to the Board of Trustees during its closed session on April 14, 2005. You must decide whether this action is "adverse," applying the standard I just gave you.

As background evidence, you have heard testimony regarding other actions taken by President Sessoms or other DSU employees, including the initial investigation of grade changes and Dr. Gorum's suspension. Dr. Gorum agreed before trial that he was not claiming that any other action by President Sessoms, either before or after April 14, 2005, was taken in retaliation for Dr. Gorum's protected activities. You also cannot consider the subsequent decision of the

---

[28]     This Instruction is being submitted by Defendants solely.

**Source of Authority:** *Suppan v. Dadonna*, 203 F.3d 228, 235 (3d Cir. 2000); *Marrero v. Camden County Bd. of Social Servs.*, 164 F. Supp.2d 455, 467 (D.N.J. 2001); *McKee v. Hart*, 436 F.3d 165, 170 (3d Cir. 2006); *Suarez Corp. Indus. v. McGraw*, 202 F.3d 676 (4th Cir. 2000).

Board of Trustees to terminate Dr. Gorum.  In determining whether Dr. Gorum has met his burden of proof, you must consider only President Sessoms' recommendations of termination on April 14, 2005.

**PLAINTIFF'S OBJECTION**

Plaintiff objects to the Charge since he contends that President Sessoms' recommendation is an adverse action as a matter of law, and not for the jury to decide.  *See Robuck v. Drexell*, 852 F. 2d 715 (3rd Cir. 2001).

Respectfully submitted,


/s/ Michael J. Logullo
Gilbert Shelsby (DSBA No. 2833)
Michael J. Logullo (No. 3851)
SHELSBY & LEONI
221 Main Street
Stanton, DE 19804
mlogullo@mslde.com
(302) 995-6210

   -and-

Gregg L. Zeff
Frost & Zeff
Pier 5 at Penn's Landing
7 North Columbus Boulevard
Philadelphia, PA 19106

*Counsel for Plaintiff Wendell S. Gorum, Ph.D.*


/s/ Michael R. Robinson
Kimberly L. Gattuso (DSBA No. 3733)
Michael R. Robinson (DSBA No. 4452)
SAUL EWING LLP
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899
(302) 421-6800

   -and-

Robert L. Duston
SAUL EWING LLP
2600 Virginia Avenue, N.W.
Suite 1000
Washington, DC 20037-1922
(202) 333-8800
rduston@saul.com

*Counsel for Defendants Allen L. Sessoms, Ph.D. and the Board of Trustees of Delaware State University*


Dated: November 26, 2007