IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WENDELL GORUM, Ph.D.,      )<br>           Plaintiff,                          )<br>     v.                                            )<br>ALLEN L. SESSOMS, Ph.D.,    )<br>     and                                        )<br>BOARD OF TRUSTEES OF   )<br>DELAWARE STATE UNIVERSITY, )<br>           Defendants.                    ) | | Civil Action No. 06-565-GMS |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION IN LIMINE TO
EXCLUDE EVIDENCE BASED ON HEARSAY**

Defendants filed their Motion in Limine to Exclude Evidence Based on Hearsay (D.I. 50) for a very limited purpose—to flag for the Court the degree to which the opinions of Plaintiff and his wife are based upon layers of hearsay and speculation. In his response, Plaintiff defends all of his testimony as falling under one or more of the hearsay exceptions. Several examples support why this Motion was warranted, and justify Defendants' request for strong cautionary instructions to reduce the likelihood of regular objections during the testimony of Plaintiff and his wife. These are the tip of the iceberg.

1. "Invitation" to the Alumni Prayer Breakfast. The key dispute on this event is not whether Dr. Jacquelyn Gorum ever invited President Sessoms to *attend* the Alumni Prayer Breakfast (D.I. 61, citing J. Gorum Dep. at 41), but whether alumni Cecil Wilson extended an unauthorized invitation to President Sessoms to be the keynote speaker, which Wilson then revoked; and whether President Sessoms knew of either *that* invitation to speak, or its revocation, or Dr. Gorum's role, or cared. What Jacquelyn Gorum claims to "know" about this incident is all from her husband - not Mr. Wilson, President Sessoms, or anyone else. (D.I. 39 at 23, citing J. Gorum Dep. at 42-43, 61, Appendix A000245 – A000246). Dr. Gorum plans to testify to the out-of-court statement made by Mr. Wilson regarding the invitation, which is not

554337.2 12/12/07

admissible under Fed. R. Evid. 801 for the *truth* that Mr. Wilson invited President Sessoms to speak. Everything else on which Dr. Gorum bases his opinion that President Sessoms knew and cared about the alleged invitation to speak and its revocation, is raw speculation. (D.I. 39, at 23, citing, inter alia, W. Gorum Dep at 165-167, Appendix A000222 – A000223).

2.  <u>Jacquelyn Gorum Testimony About Dr. Akwasi Osei.</u>  Dr. Gorum and his wife both testified as "fact" to the rumors and faculty gossip about Dr. Akwasi Osei, former Chair of the Faculty Senate.[1] Plaintiff argues that Dr. Jacquelyn Gorum's testimony, and presumably that of Plaintiff, are admissible to describe her belief or opinion. (D.I. 61, ¶ 3). Such testimony is inadmissible under Fed. R. Evid. 602, 701, and 404. On cross-examination both Plaintiff and his wife claim that this so-called "fact" was based upon out-of-court statements by other professors, which was itself nothing more than gossip, i.e., not based upon personal knowledge.

3.  <u>Statement by Sheila Davis.</u>  Dr. Gorum testified that Ms. Davis, former Human Resources Manager, told Dr. Gorum sometime in mid to late 2003 that "'they were out to get' him." (W. Gorum 6/6/07 Dep. at 67-68). Dr. Gorum claimed that Ms. Davis refused to tell him who, or why. Aside from the objections under Fed. R. Evid. 403, 404, 602 and 701, Plaintiff concedes this statement does not come within any enumerated exception, and argues for application of the residual exception in Fed. R. Evid. 807. Contrary to Plaintiff's assertion, (D.I. 61, ¶5)—*no such statement, under oath, has ever been produced* - the only evidence of this statement has been Plaintiff's own testimony. See Pltf's Response., D.I. 61, at ¶5.

4.  <u>Statement of Mrs. Arnell.</u>  As previously detailed (D.I. 50 at 4; D.I. 39 at 24), Plaintiff seeks to introduce his own testimony concerning a call he had with the President's former secretary, and a conversation DaShaun Morris allegedly had with Ms. Arnell, for the truth

---

[1]  Dr. Osei was cross-examined by Plaintiff's counsel during the AHDC hearing about those rumors.

of the matter asserted, i.e., that President Sessoms changed Morris' sanction for having a loaded gun in his campus dorm room, and for the inference that President Sessoms knew Dr. Gorum was involved with Morris. Plaintiff claims that this testimony should be allowed as "personal observations and recollections." (D.I. 61, ¶ 6). Even assuming, *arguendo*, that this testimony qualifies as "personal observations and recollections," it should still be inadmissible for the truth of the matters asserted under Fed. R. Evid. 801; for the double hearsay of what Morris told Dr. Gorum Ms. Arnell allegedly said, and for failing to satisfy the requirements set forth in Fed. R. Evid. 403, 404 and 601.

5. <u>Statement of Professor Aubrey</u>. Dr. Gorum claims Dr. Aubrey allegedly told him he was afraid of retaliation if he helped Dr. Gorum. Dr. Gorum failed to offer any other details that would satisfy Fed. R. Evid. 403, 601 or 702; failed to identify any basis for the opinion or conclusion; and failed to indicate why Dr. Aubrey would not be available. This statement is not admissible for the truth of Dr. Aubrey's fear of retaliation or to impeach President Sessoms.

WHEREFORE, for the reasons stated above as well as in their Motion in Limine Defendants respectfully request that this Court preclude Plaintiff from offering into evidence, referring to at trial or introducing any evidence based solely on hearsay testimony.

|  | SAUL EWING LLP |
|---|---|
| **OF COUNSEL** | /s/ Michael R. Robinson |
|  | Kimberly L. Gattuso (No. 3733) |
| Robert L. Duston | Michael R. Robinson (No. 4452) |
| SAUL EWING LLP | 222 Delaware Avenue, Suite 1200 |
| 2600 Virginia Avenue, N.W. | P.O. Box 1266 |
| Suite 1000 | Wilmington, Delaware 19899-1266 |
| Washington, DC 20037-1922 | (302) 421-6800 |
| (202) 333-8800 | kgattuso@saul.com |
| rduston@saul.com | mrobinson@saul.com |
| Dated: December 12, 2007 | *Counsel for Defendants* |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WENDELL GORUM, Ph.D., )<br>    Plaintiff, )<br>  v. )<br>ALLEN L. SESSOMS, Ph.D., )<br>    and )<br>BOARD OF TRUSTEES OF )<br>DELAWARE STATE UNIVERSITY, )<br>    Defendants. ) | Civil Action No. 06-565-GMS |

## CERTIFICATE OF SERVICE

I, Michael R. Robinson, hereby certify that on December 12, 2007 I caused a true and correct copy of the foregoing DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION IN LIMINE TO EXCLUDE EVIDENCE BASED ON HEARSAY to be served electronically via CM/ECF system and first class, U.S. Mail, postage prepaid, upon the following:

Gilbert Shelsby, Esq.
Michael J. Logullo, Esq.
SHELSBY & LEONI
221 Main Street
Stanton, DE 19804

Gregg L. Zeff, Esq.
FROST & ZEFF
Pier 5 at Penn's Landing
7 North Columbus Boulevard
Philadelphia, PA 19106

/s/ Michael R. Robinson
Michael R. Robinson (#4452)
SAUL EWING LLP
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, Delaware 19899-1266
(302) 421-6800
mrobinson@saul.com

554337.2 12/12/07