IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WENDELL GORUM, Ph.D., ) | |
|     Plaintiff, ) | |
| v. ) | Civil Action No. 06-565-GMS |
| ALLEN L. SESSOMS, Ph.D., ) | |
|     and ) | |
| BOARD OF TRUSTEES OF ) | |
| DELAWARE STATE UNIVERSITY, ) | |
|     Defendants. ) | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION IN LIMINE TO EXCLUDE EVIDENCE REGARDING THE ALLEGED CONDUCT OF OTHER FACULTY WHO WERE NOT "SIMILARLY SITUATED" AND THE ALLEGED FAILURE TO INVESTIGATE SUCH FACULTY.**

Defendants filed this Motion in Limine (D.I. 48) to address two distinct concerns. First, Plaintiff identified in his deposition the names of *twenty-four* current or former Chairs or Deans who he alleges, based upon hearsay statements, either made grade changes that might or might not have violated DSU policy, or had knowledge of such conduct. Plaintiff provided no details from which the Court could determine whether or not these individuals were "similarly situated in all respects" to the type of misconduct the Ad Hoc Dismissal Committee found Dr. Gorum had committed. Second, Defendants seek to preclude Plaintiff from pursuing the claim, either in direct or through cross-examination, that the alleged "failure to investigate" these individuals or the vague allegations made by former Assistant Registrar Joyce Bowers, was probative of retaliation.

Plaintiff's Response (D.I. 62) is not responsive. Plaintiff does not address the Chairs he claimed were either similarly-situated, or had knowledge of comparable misconduct. Nor does Plaintiff have any response to the "failure to investigate" issue that played such a prominent role in prior depositions of Defendants and Plaintiff's Opposition to Summary Judgment. The Court should deem Defendants' arguments conceded, and grant their Motion as to those issues.

554344.2 12/12/07

Instead of focusing on the issues raised by the Motion, Plaintiff points to the prior AHDC testimony from three witnesses: Ms. Bowers, Former Provost Toliver, and retired Department Chair King[1] admissible to prove that either themselves, or others, were "similarly situated." Plaintiff does not challenge the legal standard for admitting evidence of comparators, or cite any other authority. Comparators must be "similarly situated in all respects," including evidence that the actions they engaged in were comparable to Plaintiff's and, equally if not more importantly, that their conduct was known by and disciplinary decisions made by the *same decisionmakers*. (D.I. 48 at 3, citing cases). The testimony of Ms. Bowers is not admissible under this standard. Her testimony, in sum, is that at various times in the past, unidentified Chairs signed grade adjustment forms for instructors. Plaintiff again ignores Ms. Bowers' critical testimony, relied upon by the AHDC, that she assumed that these Chairs always had the consent of the instructors, or she would not have accepted the forms. (Def. Reply. Mem. at 18, D.I. 44). These incidents occurred years before Defendant Allen Sessoms became President. Aside from the absence of specific names or actions that the Court can compare to those of Dr. Gorum, there is no allegation that President Sessoms was aware of specific misconduct that was similar to Dr. Gorum, by a Chair who had not engaged in protected First Amendment activity, whom President Sessoms treated differently.

Nor is former Vice President of Academic Affairs and Provost Toliver "similarly situated" to Dr. Gorum. The AHDC Report detailed the policies and procedures for grade adjustments and the circumstances in which it was necessary to seek approval from the Dean or the Provost. Indeed, one of the key findings of the AHDC Report was that Dr. Gorum had not followed these procedures and secured the appropriate approvals of the Dean or Provost. (D.I. 39 at 8-9, & Appendix at A000038-39). Thus, aside from the fact that Dr. Toliver was Provost long before Defendant Sessoms was

---

[1] Defendants have separately briefed the basis under Fed. R. Evid. 402 and 403 for excluding AHDC testimony not known to President Sessoms at the time he made his recommendation. (D.I. 49).

President, his decisions were made in his capacity as Dean or Vice President. The issue of whether Dr. Toliver followed or permitted different policies and procedures with *his* Chairs is of no probative value regarding the actions of President Sessoms.

This leaves Dr. King, a former Department Chair. Defendants will assume, for purposes of discussion, that Dr. King (who has retired) will admit that at various times prior to the hiring of President Sessoms he engaged in actions similar to those of Dr. Gorum, in violation of established policies and procedures, and either got away with it or the rules were not enforced by prior administrations. This testimony remains irrelevant as it occurred years before Allen Sessoms became President and the new Registrar started enforcing the rules. More importantly, Plaintiff makes no claim that President Sessoms had actual knowledge during the time Dr. King was still employed by DSU that Dr. King had committed actions anywhere near the severity and extent of the 48 violations committed by Dr. Gorum. Without such evidence, Dr. King is not "similarly situated" to Dr. Gorum, and his testimony of his own past misconduct (if any) should be excluded under Fed. R. Evid. 402 and 403.

WHEREFORE, for the reasons stated above as well as in their initial Motion in Limine, Defendants respectfully request that this Court exclude any evidence or argument concerning alleged conduct of other DSU faculty who were not "similarly situated" to Dr. Gorum, and to Defendants' "failure to investigate" possible instances of grade tampering by other faculty.

| OF COUNSEL | /s/ Michael R. Robinson |
|---|---|
| | Kimberly L. Gattuso (No. 3733) |
| Robert L. Duston | Michael R. Robinson (No. 4452) |
| SAUL EWING LLP | SAUL EWING LLP |
| 2600 Virginia Avenue, N.W., Suite 1000 | 222 Delaware Avenue, Suite 1200 |
| Washington, DC 20037-1922 | Wilmington, Delaware 19899-1266 |
| (202) 333-8800 | (302) 421-6800 |
| rduston@saul.com | kgattuso@saul.com; mrobinson@saul.com |
| December 12, 2007 | *Counsel for Defendants* |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WENDELL GORUM, Ph.D., )<br>    Plaintiff, )<br>v. )<br>ALLEN L. SESSOMS, Ph.D., )<br>    and )<br>BOARD OF TRUSTEES OF )<br>DELAWARE STATE UNIVERSITY, )<br>    Defendants. ) | Civil Action No. 06-565-GMS |

## CERTIFICATE OF SERVICE

I, Michael R. Robinson, hereby certify that on December 12, 2007 I caused a true and correct copy of the foregoing DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION IN LIMINE TO EXCLUDE EVIDENCE REGARDING THE ALLEGED CONDUCT OF OTHER FACULTY WHO WERE NOT "SIMILARLY SITUATED" AND THE ALLEGED FAILURE TO INVESTIGATE SUCH FACULTY to be served electronically via CM/ECF system and first class, U.S. Mail, postage prepaid, upon the following:

Gilbert Shelsby, Esq.
Michael J. Logullo, Esq.
SHELSBY & LEONI
221 Main Street
Stanton, DE 19804

Gregg L. Zeff, Esq.
FROST & ZEFF
Pier 5 at Penn's Landing
7 North Columbus Boulevard
Philadelphia, PA 19106

/s/ Michael R. Robinson
Michael R. Robinson (#4452)
SAUL EWING LLP
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, Delaware 19899-1266
(302) 421-6800 phone
(302) 421-6813 fax
mrobinson@saul.com

554344.2 12/12/07